**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) ) ) | Case No. 1:14-cv-3687 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CVS PHARMACY, INC. and MINUTECLINIC, LLC, | ) ) ) | Hon. Judge John Z. Lee Hon. Mag. Judge Michael T. Mason |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

I. **The Nature of the Case**

   A. **Identify the attorneys of record for each party, including the lead trial attorney.**

   Counsel for Plaintiffs include Alexander H. Burke (lead), of the Burke Law Offices, LLC, and Daniel J. Marovitch, of the Marovitch Law Firm, LLC. Counsel for Defendants include Robert H. Griffith (lead), Jason P. Britt, John Friedrich Zabriskie, and Rebecca R. Hanson, of Foley & Lardner LLP.

   B. **State the basis for federal jurisdiction.**

   The Court has federal question subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, with respect to Plaintiffs' claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012). The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), with respect to Plaintiffs' prerecorded autodialer call claims under the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1 *et seq*. The Court also has jurisdiction under the Class Action

1

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy in this putative nationwide class action is alleged to exceed $5,000,000 in the aggregate based on the statutory damages sought, and where Plaintiffs are citizens of different states than Defendants.

    **C.    Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiffs allege that Defendants made calls using an automatic telephone dialing system and an artificial or prerecorded voice to the cell phones of Plaintiffs and others, in violation of Section 227(b)(1)(A)(iii) of the TCPA. Similarly, Plaintiffs allege that Defendants violated Section 30(b) of the ATDA by playing a prerecorded message placed by an autodialer without the consent of Plaintiffs and others to whom such calls were made. Plaintiff Kaiser alleges that Defendants further violated the ATDA by impeding the function of his and others' caller identification. *See* 815 ILCS 305/15(d), 30(a).

Defendants disagree with the characterizations set forth in Plaintiffs' Complaint, denies the allegations of misconduct against them, and deny that this matter is suitable for class treatment. Defendants further submit that Plaintiffs have failed to set forth a viable claim, and reserve all defenses.

    **D.    State the major legal and factual issues in the case.**

Plaintiffs believe that the major issues in this case will be whether the system used by Defendants to call Plaintiffs and the other putative class members constitutes an "automatic telephone dialing system" under the TCPA and an "autodialer" under the ATDA, and whether and in what manner Defendants' impeded the caller identification of Plaintiff Kaiser and the other putative Caller ID Class members.

Defendants advise that major issues in the case include: 1) whether the case should be stayed under the doctrine of primary jurisdiction in light of the potentially dispositive pending

proceedings before the Federal Communications Commission involving petitions regarding wrong or reassigned cell phone numbers, as further explained in Defendants' pending motion to stay; 2) whether consent was provided for the calls at issue; 3) whether any of the calls of the type alleged fall within the TCPA's healthcare exemption; 4) whether Plaintiffs had a prior or existing business relationship with Defendants; 5) whether the portion of the ATDA on which Plaintiff Kaiser relies is preempted by the TCPA, 47 U.S.C. § 227(e); and 6) the extent to which Plaintiff Kaiser's "service or equipment" was "capable of allowing the display of the solicitor's telephone number," 815 ILCS 305/15(d). Defendants reserve the right to revise this list of major issues as appropriate.

  **E.**  **Describe the relief sought by the plaintiff(s).**

Plaintiffs seek injunctive relief and statutory damages under the TCPA, which provides for a minimum of $500 per violation, and can be trebled to up to $1,500 per violation where committed "willfully or knowingly." *See* 47 U.S.C. § 227(b)(3). Plaintiffs also seek statutory damages under the ATDA of $500 per violation, as well as costs and reasonable attorneys' fees. *See* 815 ILCS 305/30(c)-(c-5).

Defendants deny that Plaintiffs have any viable claim as against them or that Plaintiffs are entitled to any relief.

**II.**  **Pending Motions and Case Plan**

  **A.**  **Identify All Pending Motions**

Plaintiffs' Motion for Class Certification (Dkt. No. 4)—filed contemporaneously with the Complaint in response to *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011)—is currently pending before the Court. Pursuant to the Court's suggestion (Dkt. No. 6), the parties intend to file a stipulation addressing this Motion.

Defendants' Motion to Stay (Dkt. No. 25) and Motion to Seal related to that Motion to Stay (Dkt. No. 26) are also currently pending before the Court.

**B.    Submit a proposal for a discovery plan, including the following information:**

   *1.    The general type of discovery needed;*

Plaintiffs anticipate both written discovery—including requests for admission, interrogatories, and requests for production—as well as depositions. Plaintiff anticipates discovery into, inter alia, the calls to Plaintiffs' cell phones, the size and identification of the class members, Defendants' procedures relating to telemarketing, and the technology and systems used by Defendants in relation to the calls to Plaintiffs and the other class members. Depending upon the defendant's calling practices, such inquiries may involve third party discovery.

Plaintiffs disagree with Defendants' assertion that FCC rulings could possibly be "dispositive" of this case because, (1) the motion to stay does not argue that Kaiser's claims would be affected by FCC rulings, and (2) even if the FCC were to eviscerate the TCPA through multiple declaratory rulings in favor of permitting more robocalls as CVS , plaintiffs' state law telemarketing claims would remain.

Defendants do not believe discovery is appropriate at this juncture, as Defendants believe that the matter, including discovery, should be stayed pending the outcome of potentially dispositive FCC proceedings. As further detailed in their pending Motion to Stay (Dkt. No. 25), the FCC is currently considering, and has sought public comment on, at three petitions addressing the scenario presented by Plaintiffs' allegations as related to Lowe regarding "wrong" or "reassigned" numbers. Given those potentially dispositive FCC proceedings, each of the factors articulated by the Seventh Circuit for application of the doctrine of primary jurisdiction

apply here. *See Printing Indus. Of Ill. Employee Benefit Trust v. Stout*, 157 F.R.D. 448, 452 (N.D. Ill. 1994). Indeed, several courts have issued stays in order to permit the FCC to first decide the issues addressed in the pending petitions. *See, e.g., Barrera v. Comcast Holdings Corp.*, No. 14-cv-00343-TEH, 2014 U.S. Dist. LEXIS 65800 (N.D.Cal. May 12, 2014). Moreover, a stay of the entire case is appropriate given the centrality of the issue of consent to Plaintiffs' contentions and case management considerations. For the reasons stated above and in their memorandum of law in support of their Motion to Stay, Defendants disagree with Plaintiffs' statements in the preceding paragraph seeking to minimize the potential impact of the FCC proceedings.

> **2.** *A date for Rule 26(a)(1) disclosures;*

Plaintiffs propose no changes in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

Defendants propose that disclosures under Fed. R. Civ. P. 26(a) be postponed pending resolution of their Motion to Stay (Dkt. No. 25) and, if a stay is entered, during the pendency of such stay.

> **3.** *A date to issue written discovery;*

The parties, through counsel, have already conferred via telephone pursuant to Fed. R. Civ. P. 26(f) on July 17, 2014. Plaintiffs have issued an initial set of written discovery requests to Defendants. *See* Fed. R. Civ. P. 26(d)(1) (prohibiting "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)").

As noted, Defendants have filed a Motion to Stay (Dkt. No. 25), and Defendants request the Motion to Stay be addressed and resolved before the scheduling conference is held or any scheduling order entered.

    4.  *A fact discovery completion date;*

Plaintiff requests a fact discovery completion date of April 24, 2015. Defendants have filed a Motion to Stay (Dkt. No. 25), and Defendants request the Motion to Stay be addressed and resolved before the scheduling conference is held or any scheduling order entered.

    5.  *An expert discovery completion date, including dates for the delivery of expert reports; and*

Plaintiff proposes an expert discovery completion date of August 24, 2015, as follows: The cut-off date for designation of the trial expert(s) of the party with the burden of proof, as provided in Fed. R. Civ. P. 26(a)(2), is May 25, 2015; for the opposing party's trial expert(s), June 25, 2015. Depositions of the experts shall be taken within 60 days of designation. Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

Defendants have filed a Motion to Stay (Dkt. No. 25), and Defendants request the Motion to Stay be addressed and resolved before the scheduling conference is held or any scheduling order entered.

    6.  *A date for the filing of dispositive motions.*

Plaintiffs propose that any motion for summary judgment should be filed by June 26, 2015. Defendants have filed a Motion to Stay (Dkt. No. 25), and Defendants request the Motion to Stay be addressed and resolved before the scheduling conference is held or any scheduling order entered.

  **C.**  **With respect to trial, indicate the following:**

    1.  *Whether a jury trial is requested; and*

Plaintiffs have requested a jury trial.

    2.  *The probable length of trial*

Plaintiffs estimate that the trial will last approximately 4 days. Defendants estimate that, if tried, the case would take approximately one week.

### III. Consent to Proceed Before a Magistrate Judge

The parties do not unanimously consent to proceed before a Magistrate Judge.

### IV. Status of Settlement Discussions

**A. Indicate whether any settlement discussions have occurred;**

The parties have not engaged in any settlement discussions thus far. Plaintiff is open to the idea of discussing settlement, but meaningful discussions require disclosure of class information, including for example the number of unique telephone numbers called and the number of calls to those persons.

**B. Describe the status of any settlement discussions; and**

The parties have not engaged in any settlement discussions thus far. .

**C. Whether the parties request a settlement conference.**

The parties do not request a settlement conference as they do not anticipate that one would be productive at this juncture.

Dated:  August 13, 2014                    Respectfully submitted,

/s/Robert H. Griffith                      /s/Alexander H. Burke
Robert H. Griffith                         Alexander H. Burke
Jason P. Britt                             BURKE LAW OFFICES, LLC
John Friedrich Zabriskie                   155 N. Michigan Ave., Suite 9020
Rebecca R. Hanson                          Chicago, IL 60601
FOLEY & LARDNER                            Telephone: (312) 729-5288
321 N. Clark St., Suite 2800               Facsimile: (312) 729-5289
Chicago, IL 60654                          aburke@burkelawllc.com
Telephone: (312) 832-4500
Facsimile: (312) 832-4700                  Daniel J. Marovitch
rgriffith@foley.com                        MAROVITCH LAW FIRM, LLC
jbritt@foley.com                           233 S. Wacker Dr., 84th Floor

jzabriskie@foley.com
rhanson@foley.com

*Counsel for Defendants*

Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

*Counsel for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 13, 2014, I caused the foregoing *Joint Initial Status Report* to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Alexander H. Burke