**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-3687 |
| vs. | ) ) ) | Hon. John Z. Lee Hon. Mag. Judge Michael T. Mason |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**CVS PHARMACY, INC.'S AND MINUTECLINIC, L.L.C.'S AMENDED ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants CVS Pharmacy, Inc. and MinuteClinic, L.L.C. (hereinafter "CVS Defendants"), by and through their attorneys, Foley & Lardner LLP, state as follows for their answer and affirmative defenses to Plaintiffs Carl Lowe and Kearby Kaiser's ("Plaintiffs") First Amended Complaint ("FAC"):

1.     Plaintiffs Carl Lowe and Kearby Kaiser bring this action against Defendants CVS Pharmacy, Inc. and MinuteClinic, LLC (collectively, "CVS"), and West Corporation ("West"), to secure redress for Defendants' practice of making calls using an automatic telephone dialing system or an artificial or prerecorded voice to the cellular telephones of Plaintiffs and others, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as for playing prerecorded messages during autodialed calls to Plaintiffs and others and impeding caller identification, in violation of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1 *et seq*.

**ANSWER:** CVS Defendants admit only that the FAC purports to assert claims under the TCPA and the ATDA. However, CVS Defendants deny that Plaintiffs have any valid claims against them, deny any characterizations of wrongdoing on their part, and deny that Plaintiffs are entitled to any of the relief requested. Except as expressly admitted, CVS Defendants deny the remaining allegations in this paragraph.

2.     Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telemarketing abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers.... Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243 § 2(6, 12) (1991), *codified at* 47 U.S.C. § 227.

**ANSWER:**  CVS Defendants state that the first three sentences of this paragraph contain generalized, non-specific narrative assertions and/or legal conclusions to which no response is required. To the extent that such sentences require an answer, CVS Defendants deny them. The balance of this paragraph purports to reference "Pub. L. No. 102-243 § 2(6, 12) (1991)" and "47 U.S.C. § 227," which speak for themselves, and set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny such allegations to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of the text of the laws and statutes referenced therein.

3.     As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

**ANSWER:**  CVS Defendants state that the TCPA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they

are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the statutes referenced therein.

4.     In Illinois, the Automatic Telephone Dialers Act ("ATDA") also prohibits, inter alia, "play[ing] a prerecorded message placed by an autodialer without the consent of the called party" or impeding caller IDs during telemarketing calls. 815 ILCS 305/15(d); 30(b). The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30. Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

**ANSWER:**  CVS Defendants state that the ATDA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the statutes referenced therein.

5.     Plaintiffs, having received unsolicited autodialed and prerecorded voice calls from Defendants—and, in Plaintiff Kaiser's case, which impeded caller identification—file this complaint on behalf of themselves and others similarly situated, seeking relief from Defendants' illegal telemarketing practices.

**ANSWER:**  CVS Defendants admit only that the FAC purports to assert claims under the TCPA and ATDA. However, CVS Defendants deny that Plaintiffs have any valid claims as against them, deny any characterizations of wrongdoing on their party, deny that Plaintiffs are entitled to any of the relief requested, and deny that this case can be brought as a class action. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

6.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims, *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012), as well as supplemental jurisdiction over the state ATDA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy—namely, Defendants' wrongful telemarketing through the use of automatic dialing equipment and a prerecorded voice to Plaintiffs and others without consent.

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, CVS Defendants deny any

3

characterizations of wrongdoing on their part and otherwise deny the allegations in this paragraph.

7.     This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d). The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as each member of the proposed class of at least tens of thousands is entitled to $500 in statutory damages for each call that has violated the ATDA. *See* 815 ILCS 305/30. Further, where Plaintiffs are citizens of the State of Illinois and Defendants are citizens of Rhode Island, Nebraska, and/or Delaware, at least one class member is a citizen of a state different from any Defendant.

**ANSWER:** The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny any characterizations of wrongdoing on their part and otherwise deny the allegations in this paragraph.

8.     The Court has personal jurisdiction over Defendants and venue is appropriate in this District because CVS has offices and retail locations here, Plaintiffs reside and received the calls that are the subject of this lawsuit here, including those made by West, and because a substantial portion of the events giving rise to this cause of action occurred here.

**ANSWER:** The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny any characterizations of wrongdoing on their part and otherwise deny the allegations in this paragraph.

9.     Plaintiff Carl Lowe is a natural person who resides in this District.

**ANSWER:** CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, CVS Defendants deny them.

10.     Plaintiff Kearby Kaiser is a natural person who resides in this District.

**ANSWER:** CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, CVS Defendants deny them.

11.     Defendant CVS Pharmacy, Inc. ("CVS/pharmacy") is a Rhode Island corporation headquartered at One CVS Drive, Woonsocket, Rhode Island 02895. CVS/pharmacy is a division of CVS Caremark Corporation, and has locations throughout the District.

**ANSWER:** CVS Defendants admit that CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895, and that it is a subsidiary of CVS Health Corporation.[1] Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

12.     Defendant MinuteClinic, LLC ("MinuteClinic") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895. MinuteClinic is also a division of CVS Caremark Corporation, and has locations throughout this District.

**ANSWER:** CVS Defendants admit that MinuteClinic, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895, and that it is an indirect subsidiary of CVS Health Corporation. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

13.     CVS/pharmacy, the retail division of Caremark, is America's leading retail pharmacy, with more than 7,500 CVS/pharmacy and Longs Drug stores, including in this District.

**ANSWER:** CVS Defendants admit that CVS Health Corporation's retail division operates more than 7,500 retail pharmacies. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

14.     MinuteClinic is the retail medical clinic division of Caremark, which operates its clinics largely if not entirely out of CVS/pharmacy locations, including in this District.

**ANSWER:** CVS Defendants admit that MinuteClinic, LLC is the retail medical clinic division, and an indirect subsidiary, of CVS Health Corporation, and operates clinics out of CVS Health

---

[1] As of September 3, 2014, CVS Caremark Corporation changed its name to CVS Health Corporation.

Corporation's retail division's retail pharmacies. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

15.     In addition to pharmaceuticals, CVS sells everything from personal health care products to snacks and household goods.

**ANSWER:** CVS Defendants admit that CVS Health Corporation's retail division sells, among other things, pharmaceuticals, personal health care products, snacks and household goods. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

16.     The two CVS defendants are under common ownership of CVS Caremark Corporation.

**ANSWER:** CVS Defendants admit that they are both either direct or indirect subsidiaries of CVS Health Corporation. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

17.     Defendant West Corporation ("West") is a Delaware corporation headquartered at 11808 Miracle Hills Drive, Omaha, Nebraska 68154.  West provides customer relationship management ("CRM") services to CVS, and physically dialed the numbers of Plaintiffs and other putative class members on CVS's behalf.

**ANSWER:** CVS Defendants admit only that West provides certain services to one or more of the CVS Defendants pursuant to a written contract, the terms of which speak for itself, and that West placed certain calls to the telephone numbers which Plaintiffs allege to possess.  CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, therefore, deny them.

18.     Within the four years prior to the filing of this action, Defendants used equipment to dial the telephone numbers of potential customers, including Plaintiffs.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

19.     The equipment Defendants used to call Plaintiffs and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access

6

stored telephone numbers to automatically connect a telephone with a recorded message. These calls were made with equipment capable of dialing numbers without human intervention. On information and belief, CVS made many but not all, of its calls to Plaintiffs and other putative class members through West and its dialer.

**ANSWER:** CVS Defendants admit only that West placed certain calls to the telephone numbers which Plaintiffs allege to possess. The balance of the allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny such allegations.

20. Additionally, Defendants' calls did not use live voice interaction between two people; rather, they consisted of taped or artificially-generated communications soliciting the sale of CVS goods and services. That is to say, the messages were unattended by human beings, and were synthesized by a computer, or recorded by an actor ahead of time, and then played automatically during the calls. These prerecorded messages advertised the commercial sale of products and services available through CVS/pharmacy and MinuteClinic.

**ANSWER:** CVS Defendants admit only that certain calls to the telephone numbers identified by Plaintiffs Lowe and Kaiser did not use live voice interaction. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

21. Many of the people whose phones were called as a result of Defendants' autodialing and prerecorded voice message practices never actually consented to receive such calls, including Plaintiffs.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

22. On information and belief, many of these individuals were called more than once, and Defendants lacks an adequate system for preventing autodialed or prerecorded voice calls to phones for which they do not have consent to call.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

23. Defendants intended to make these calls.

**ANSWER:** CVS Defendants admit only that certain calls to the telephone numbers identified by Plaintiffs Lowe and Kaiser were intended to be made to those numbers pursuant to express consent previously provided. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

7

24.     Furthermore, Defendants are well aware of the TCPA, ATDA, and other federal and state statutes' prohibitions against use of autodialers and prerecorded messages in calls to consumers, but made the business decision to make these calls, anyway.  CVS derives substantial profit as a result of its flu shot, allergy season, and other robocall telemarketing campaigns.

**ANSWER:**  CVS Defendants admit that they are aware of the TCPA and ATDA, and deny that

they have violated either Act.  Plaintiffs' allegation regarding "other federal and state statutes'

prohibitions" sets forth legal conclusions requiring no response. Except as expressly admitted,

CVS Defendants deny the remaining allegations contained in this paragraph.

25.     Defendants also knew that the TCPA, ATDA, and other state and/or federal laws prohibit manipulation of caller ID information, but did this anyway.  For example, although there is no private right of action under the TCPA for manipulation of caller ID, doing so is a criminal act.  47 U.S.C. § 227(e)(5)(B).

**ANSWER:**  CVS Defendants admit that they are aware of the TCPA and ATDA, and deny that

they have violated either Act.  Plaintiffs' allegation regarding the substance of such Acts and of

"other federal and state statutes' prohibitions" sets forth legal conclusions requiring no response.

Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this

paragraph.

26.     On or about October 27, 2013, at approximately 9:02 a.m., Defendants called Plaintiff Lowe's cellular telephone from phone number (773) 752-1425.

**ANSWER:**  CVS Defendants admit that a telephone number which Plaintiff Lowe now claims to

hold was called on October 27, 2013.  Except as expressly admitted, CVS Defendants deny the

remaining allegations contained in this paragraph.

27.     The voicemail message left on Plaintiff's cell phone stated:

> This is a courtesy call from CVS/pharmacy for Anna.  We are calling to inform you that your prescription order is available for pickup at CVS/pharmacy, located at 1228 East 53rd Street, Kimbark Plaza, Chicago, Illinois.  You may pick up your prescription at your earliest convenience during normal business hours.

8

Flu shots are available in every store, every day. We accept many insurance plans. No appointment is necessary. Get your flu shot when you pick up your prescription. If you have already picked up your prescription, please disregard this message.

Thank you for being a valued customer of CVS/pharmacy. We look forward to serving you in the future. Good bye.

**ANSWER:** CVS Defendants admit that this paragraph purports to describe the substance of a message that Plaintiff Lowe alleges was retained on his phone, which message speaks for itself. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

28. The October 27, 2013 call and others Plaintiff received from CVS used a prerecorded voice. For example, instead of more naturally fluid speech from a live caller, the message paused awkwardly to include specifics within the message's script, such as when "CVS/pharmacy," "Anna," or the CVS/pharmacy location's address were mentioned.

**ANSWER:** CVS Defendants admit that a call placed on October 27, 2013, to a telephone number which Plaintiff Lowe now claims to hold did not use live voice interaction. The remaining allegations in Paragraph 28, including the "others" referenced, are vague and susceptible to multiple interpretations. Accordingly, CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the paragraph and, therefore, CVS Defendants deny them.

29. Plaintiff Lowe is not "Anna," and no one named "Anna" has access to or is otherwise able to be reached at his cellular telephone number.

**ANSWER:** CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, CVS Defendants deny them.

30. In fact, this was not the first time that Plaintiff's cell phone had been called by CVS for "Anna." After receiving a similar prerecorded voice call to his cell phone in approximately March 2013, Plaintiff physically went to the CVS/pharmacy location at 1228 East 53rd Street, Kimbark Plaza, Chicago, Illinois, and informed the pharmacist and another employee that CVS's calls were going to the wrong person, and to stop calling him. Although

9

Plaintiff was assured that this problem would be corrected, he has continued to receive multiple prerecorded voice calls from CVS for "Anna."

**ANSWER:** CVS Defendants admit that the telephone number which Plaintiff Lowe now claims to hold was called prior to October 27, 2013. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

31. As described below relating to Plaintiff Kaiser, Defendants' calls to Plaintiff Lowe were similarly made using an "automatic telephone dialing system" or "autodialer," as such terms are defined in the TCPA and ATDA, respectively. Apart from the fact that the calls utilized a prerecorded voice message, the calls continued even after Plaintiff directly spoke with CVS about it having called the wrong person, indicating the use of an automatic, rather than human- involved, system.

**ANSWER:** The allegations contained in the first sentence of this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny such allegations. The allegations contained in the second sentence of this paragraph are unintelligible and are therefore denied.

32. Plaintiff Lowe never consented to receive these autodialed or prerecorded voice calls to his cell phone from or on behalf of CVS.

**ANSWER:** CVS Defendants deny that consent was not received for the call referenced in Paragraph 26, and otherwise deny the allegations of this paragraph.

33. Upon information and belief, CVS did not have prior express written consent from any person for the October 27, 2013 call, let alone Plaintiff.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

34. Upon information and belief, based upon the caller ID and the location of the store, these telephone calls originated from Illinois. Moreover, the calls were made to benefit a CVS location in Illinois.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

35. Plaintiff Lowe was damaged by Defendants' calls. His privacy was wrongfully invaded, and Plaintiff has become aggravated with having to deal with the frustration of repeated, unwanted phone calls using up time on his phone and forcing him to divert attention away from his business and other activities.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

36.     On or about September 11, 2013, at approximately 7:45 p.m., Defendants called Plaintiff Kaiser's cellular telephone number.

**ANSWER:** CVS Defendants admit only that the telephone number identified by Plaintiff Kaiser received a telephone call from MinuteClinic at the date and time referenced in this paragraph. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

37.     Upon information and belief, this call originated from Illinois.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

38.     This call was made as part of a calling campaign, the purpose of which was to encourage Plaintiff and others to buy flu shots and everyday items from CVS.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

39.     The caller identification for the call came through on Plaintiff's cell phone as "Unknown Caller."

**ANSWER:** CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny them.

40.     Defendants manipulated this call so that the caller ID for the calls would be anonymous.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

41.     The call, along with the other calls that were part of this and similar campaigns, was made using an "automatic telephone dialing system" or "autodialer," as such terms are defined in the TCPA and ATDA, respectively.  The equipment Defendant used to call Plaintiffs and others had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.  In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phone—the calls were made using equipment with the capacity to dial numbers without human intervention.  The equipment CVS used to call Plaintiff and the other class members did so by sequentially or randomly accessing their stored telephone number and automatically connecting their telephone with a recorded message advertising CVS goods and services.

11

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, CVS Defendants deny such allegations.

42.     Plaintiff did not answer, and the call went to voicemail.  Plaintiff has received many other such calls from CVS.

**ANSWER:**  CVS Defendants admit only that the telephone number identified by Plaintiff Kaiser received a telephone call from MinuteClinic at the date and time referenced in Paragraph 36.  Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

43.     The communication by CVS was "prerecorded," in the sense that it was a taped or otherwise recorded generic telemarketing message played in calls to Plaintiff and numerous other recipients.  The message did not allow for live voice interaction.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

44.     The message, as recorded on Plaintiff Kaiser's voicemail, states:

> This is MinuteClinic calling to let you know that flu shots are now available.  MinuteClinic is the medical clinic inside your local CVS/pharmacy.  We are open seven days a week, including evenings and weekends.  No appointment is necessary.  We also accept most insurance plans, including Medicare Part B.  Plus, you will receive a CVS/pharmacy 20% shopping pass with your flu shot. So why wait?  Come into your MinuteClinic today.  Please check our website at MinuteClinic-dot-com for our clinic hours near you.  Thank you for choosing MinuteClinic.

**ANSWER:**  CVS Defendants deny that this paragraph accurately captures verbatim any message provided.

45.     Plaintiff has received more than one other call from CVS in the twelve months preceding and/or subsequent to the September 11, 2013 call.

**ANSWER:**  CVS Defendants admit only that the telephone number identified by Plaintiff Kaiser received a telephone call from MinuteClinic at the date and time referenced in Paragraph 36, and

that Plaintiff Kaiser may have received other calls from CVS Pharmacy. Except as expressly

admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

46. Plaintiff did not provide CVS with permission or consent to make these calls.

**ANSWER:** CVS Defendants deny that consent was not received for the call referenced in

Paragraph 36, and otherwise deny the allegations of this paragraph.

47. Upon information and belief, based upon the location of the store, these telephone
calls originated from Illinois. Moreover, the calls were made to benefit a CVS location in
Illinois.

**ANSWER:** CVS Defendants deny the allegations contained in this paragraph.

48. Plaintiffs and the classes have been substantially damaged by Defendants' calls.
Their privacy was improperly invaded, many were charged for the calls, and they were annoyed.
*See Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional
findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced
Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall
recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

**ANSWER:** CVS Defendants deny the allegations contained in this paragraph.

### COUNT I

49. Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth
herein. Count I is brought by both Plaintiffs.

**ANSWER:** CVS Defendants reallege and incorporate by reference their answers to the

allegations in the preceding paragraphs as if fully set forth herein.

50. It is a violation of the TCPA to make "any call (other than a call made for
emergency purposes or made with the prior express consent of the called party) using any
automatic telephone dialing system or an artificial or prerecorded voice … to any telephone
number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** CVS Defendants state that the TCPA speaks for itself, and that the allegations in

this paragraph set forth legal conclusions to which no response is required. To the extent a

response is required, CVS Defendants deny the allegations in this paragraph to the extent they

are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the statute referenced therein.

51.     "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention[,]" such as predictive dialers.  *See Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 726 (N.D. Ill. 2011) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para 132 (2003)).

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the case law and/or rules and regulations referenced therein.

52.     Defendants used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiffs and the other members of the TCPA Class defined below.

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations contained in this paragraph.

53.     These calls, including those to Plaintiffs, utilized an artificial or prerecorded voice.

**ANSWER:**  CVS Defendants admit that a call placed on October 27, 2013, to a telephone number which Plaintiff Lowe now claims to hold did not use live voice interaction. The remaining allegations in Paragraph 53, including the reference to "these calls," are vague and susceptible to multiple interpretations.  Accordingly, CVS Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the paragraph and, therefore, CVS Defendants deny them.

54.     These calls were made without regard to whether or not Defendants had first obtained express permission from the called party to make such calls.  In fact, Defendants did not have prior express consent to call the cell phones of Plaintiffs and the other members of the TCPA Class when their calls were made.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

55.    As such, Defendants' calls were willful or knowing.  See 47 U.S.C. § 312(f)(1).

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

56.    Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by making non-emergency calls to the cell phones of Plaintiffs and the other members of the TCPA Class using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

57.    As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiffs and the other members of the TCPA Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the TCPA Class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

58.    Because Defendants knew or should have known that Plaintiffs and the other members of the TCPA Class had not given prior express consent to receive their autodialed and prerecorded voice calls to their cellular telephones—and/or willfully used an automatic telephone dialing system and/or an artificial or prerecorded voice message to call the cell phones of Plaintiffs and the other members of the TCPA Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the TCPA Class, pursuant to Section 227(b)(3) of the TCPA.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

59.    Plaintiff [sic] brings this Count I on behalf of a class (the "TCPA Class"), consisting of:

> All persons whose cellular telephone number CVS or someone on CVS's behalf called, on or after May 20, 2010, using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention, where one purpose of the call was to encourage the recipient to make a new purchase of goods or services.

Plaintiffs allege a subclass of calls that were made on or after October 16, 2013.

**ANSWER:** CVS Defendants admit only that Plaintiffs purport to assert a claim under the TCPA. However, CVS Defendants deny that Plaintiffs have any valid claim as against Defendants, deny any characterizations of wrongdoing on Defendants' part, deny that Plaintiffs

15

are entitled to any of the requested relief, and deny that this case can be brought as a class action.

Except as expressly admitted, CVS Defendants deny the remaining allegations in this paragraph.

60.     Upon information and belief, Defendants called more than 100 phone numbers in the four years prior to the filing of this action utilizing a device with the capacity to dial numbers without human intervention or a message that was artificial or had been recorded ahead of time.

**ANSWER:**  CVS Defendants will be moving to strike Plaintiffs' class allegations and therefore no response is required. To the extent a response is required, CVS Defendants deny the allegations of this paragraph.

61.     Common questions of law or fact exist as to all members of the TCPA Class and predominate over any questions solely affecting any individual member, including Plaintiffs. Such questions common to the TCPA Class include but are not limited to:

      a.     Whether Defendants used an "automatic telephone dialing system" or an "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

      b.     Whether Defendants had prior express consent to contact Plaintiffs and the other members of the TCPA Class when they made calls to such persons' cell phones using an automatic telephone dialing system or an artificial or prerecorded voice; and

      c.     Damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiffs and the other members of the TCPA Class are entitled to trebled damages.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

62.     Plaintiffs' claims are typical of the claims of the other members of the TCPA Class.  The factual and legal bases of CVS's liability to Plaintiffs and the other members of the TCPA Class are the same:  CVS violated the TCPA by causing the cellular telephone number of each member of the TCPA Class, including Plaintiffs, to be called using an automatic telephone dialing system and/or an artificial or prerecorded voice without permission.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

63.     Plaintiffs will fairly and adequately protect the interests of the TCPA Class. Plaintiffs have no interests that might conflict with the interests of the TCPA Class.  Plaintiffs are interested in pursuing their claims vigorously, and they have retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

64.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.  There are, on information and belief, thousands of members of the TCPA Class, such that joinder of all members is impracticable.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

65.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

66.     Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the TCPA Class, thereby making relief appropriate with respect to the TCPA Class as a whole.  Prosecution of separate actions by individual members of the TCPA Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the TCPA Class that would establish incompatible standards of conduct.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

67.     The identity of the TCPA Class is, on information and belief, readily identifiable from Defendants' records.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

WHEREFORE, CVS Defendants deny that Plaintiffs are entitled to any relief whatsoever. CVS Defendants further request that this Court enter judgment in Defendants' favor and against Plaintiffs as follows:

A.     That Plaintiffs take nothing by reason of the FAC and that judgment be rendered in favor of the Defendants;

B.     That CVS Defendants be awarded their costs and reasonable attorneys' fees; and,

C.     For such other relief as this Court deems just and proper.

## COUNT II

68.     Plaintiffs reallege and incorporate the foregoing allegations as if set forth fully herein.  Count II is brought by both Plaintiffs.

**ANSWER:**  CVS Defendants reallege and incorporate by reference their answers to the allegations in the preceding paragraphs as if fully set forth herein.

69.     The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party."  815 ILCS 305/30(b).

**ANSWER:**  CVS Defendants state that the ATDA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the statute referenced therein.

70.     Under the ATDA, an "autodialer" or "autodialer system" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message[.]"  815 ILCS 305/5(a).[2] A "recorded message" refers to "any taped communication soliciting the sale of goods or services without live voice interaction."  815 ILCS 305/5(c).

**ANSWER:**  CVS Defendants state that the ATDA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the statutes referenced therein.

71.     Defendants did not have the consent of Plaintiffs or the other members of the ATD Class to play a prerecorded message placed by an autodialer.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

---

[2] The term "autodialer" or "autodialer system" does not include "device[s] associated with a burglar alarm system, voice message system or fire alarm system."  815 ILCS 305/5(a).

72.     Nonetheless, CVS called the phones of Plaintiffs and the other members of the ATD Class using a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.  No human being physically dialed each digit of Plaintiffs' or the other ATD Class members' phone numbers to connect their telephones with a recorded message; rather.

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required. Further, the allegations in the last sentence of this paragraph are incomplete and unintelligible as phrased. To the extent a response is required to any allegations in this paragraph, CVS Defendants deny such allegations.

73.     Defendants' prerecorded messages to the phones of Plaintiffs and the other ATD Class members included language soliciting the sale of CVS goods or services without live voice interaction, including getting a flu shot through MinuteClinic or shopping at CVS/pharmacy.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

74.     Consequently, CVS violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiffs and the other ATD Class members, without such persons' consent.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

75.     As a result of Defendants' conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiffs and the other members of the ATD Class were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

76.     Plaintiffs brings this Count II on behalf of themselves and a class (the "ATD Class") consisting of:

> All persons in the State of Illinois who, on or after May 20, 2011, CVS or someone on CVS's behalf called and played a prerecorded message placed by any device or system programmed to sequentially or randomly access stored telephone numbers to automatically connect a telephone with a recorded message.

**ANSWER:**  CVS Defendants admit only that the FAC purports to assert a cause of action under the ATDA. However, CVS Defendants deny that Plaintiffs have any valid claims as against them, deny any characterizations of wrongdoing on their part, deny that Plaintiffs are entitled to

19

any of the requested relief, and deny that this case can be brought as a class action. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

77.     The class is so numerous that joinder of all members is impractical.   Upon information and belief, there are more than 100 members of the ATD Class.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

78.     There are questions of law and fact common to the ATD Class that predominate over any questions affecting any individual class member.  The predominant common questions include:

(a)     Whether Defendants' calls played "prerecorded messages" placed by an "autodialer" as such terms are defined under the ATDA; and

(b)     Whether CVS had the consent of Plaintiffs and the other ATD Class members to play a prerecorded message placed by an autodialer.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

79.     Plaintiffs' claims are typical of the claims of the other members of the ATD Class.  The factual and legal bases of Defendants' liability to Plaintiffs and the other members of the ATD Class are the same:  Defendants violated the ATDA by playing prerecorded messages placed by an autodialer to Plaintiffs and the other members of the ATD Class without permission.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

80.     Plaintiffs will fairly and adequately protect the interests of the ATD Class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices, including relating to telemarketing.  Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

81.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against is small because it is not economically feasible to bring individual actions.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

82.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

83.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

84.     Defendants have acted on grounds generally applicable to the ATD Class, thereby making relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the ATD Class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

WHEREFORE, CVS Defendants deny that Plaintiffs are entitled to any relief whatsoever. CVS Defendants further request that this Court enter judgment in Defendants' favor and against Plaintiffs as follows:

A.     That Plaintiffs take nothing by reason of the FAC and that judgment be rendered in favor of the Defendants;

B.     That CVS Defendants be awarded their costs and reasonable attorneys' fees; and,

C.     For such other relief as this Court deems just and proper.

## COUNT III

85.     Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.  Count III is brought by Plaintiff Kaiser.

**ANSWER:**  CVS Defendants reallege and incorporate by reference their answers to the allegations in the preceding paragraphs as if fully set forth herein.

86.     The ATDA prohibits "mak[ing] or caus[ing] to be made telephone calls utilizing an autodialer in a manner that does not comply with Section 15."  815 ILCS 305/30(a).

**ANSWER:**  CVS Defendants state that the ATDA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a

response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of, the text of the statute referenced therein.

87.     Section 15 of the ATDA, in turn, provides that "[a]n autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 305/15(d).

**ANSWER:**  CVS Defendants state that the ATDA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of the text of the statute referenced therein.

88.     Under the ATDA, an "autodialer" or "autodialer system" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message[.]" 815 ILCS 305/5(a).[3] A "recorded message" refers to "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c).

**ANSWER:**  CVS Defendants state that the ATDA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations in this paragraph to the extent they are unsupported by and/or inconsistent with, or are Plaintiffs' interpretation of the text of the statute referenced therein.

89.     Defendants played a prerecorded message soliciting the sale of CVS goods or services—in Plaintiff Kaiser's case, a flu shot for MinuteClinic and shopping at CVS/pharmacy—placed by an autodialer in calls to the phones of Plaintiff Kaiser and the other members of the Caller ID Class.

---

[3] The term "autodialer" or "autodialer system" does not include "device[s] associated with a burglar alarm system, voice message system or fire alarm system." 815 ILCS 305/5(a).

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations of this paragraph.

90.     Specifically, Defendants' calls to Plaintiff and the other Caller ID Class members were made by a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers, which was programmed to sequentially or randomly access Plaintiff's and the other Caller ID Class members' stored telephone numbers in order to automatically connect their telephones with a recorded message soliciting the sale of CVS goods or services without live voice interaction.

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations of this paragraph.

91.     While, on information and belief, Defendants' service or equipment was capable of allowing the display of its telephone number, Defendants prevented the calling number from being disclosed during its calls to Plaintiff and the other members of the Caller ID Class.

**ANSWER:**  The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, CVS Defendants deny the allegations of this paragraph.

92.     In Plaintiff Kaiser's case, for example, although the number was capable of being displayed, the caller ID displayed to Plaintiff was instead stated as "Unknown Caller."

**ANSWER:**  The allegations in Paragraph 92, including the phrase "the number was capable of being displayed," are vague and susceptible to multiple interpretations. Accordingly, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph and, therefore, Defendants deny them.

93.     As a result of Defendants' conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiffs and the other members of the Caller ID Class were harmed and are each entitled to statutory damages of $500 per violation, as well as costs and attorneys' fees.  815 ILCS 305/30(c)-(c-5).

**ANSWER:**  CVS Defendants deny the allegations of this paragraph.

94.     Plaintiff Kaiser brings this Count III on behalf of himself and a class (the "Caller ID Class") consisting of:

> All persons in the State of Illinois to whom CVS caused, on or after May 20, 2011, an autodialed telephone call containing a recorded message soliciting the sale of goods or services to be made, where the caller ID failed to display the number calling.

**ANSWER:** CVS Defendants admit only that the FAC purports to assert a cause of action under the ATDA. However, CVS Defendants deny that Plaintiffs have any valid claims as against Defendants, deny any characterizations of wrongdoing on Defendants' part, deny that Plaintiffs are entitled to any of the requested relief, and deny that this case can be brought as a class action. Except as expressly admitted, CVS Defendants deny the remaining allegations contained in this paragraph.

95.     Upon information and belief, Defendants called more than 100 phone numbers in the three years prior to the filing of this action using an autodialer to solicit the sale of CVS goods or services by way of recorded message, where the number calling was not displayed on the recipient's caller ID.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

96.     Common questions of law or fact exist as to all members of the Caller ID Class and predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the Caller ID Class include but are not limited to:

(a)     Whether Defendants used an "autodialer" or "recorded message" as such terms are defined or understood under the ATDA; and

(b)     Whether, despite being capable of allowing the display of its telephone number, Defendants' dialing service or equipment impeded the function of the caller ID of Plaintiff Kaiser and the other Caller ID Class members.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

97.     Plaintiff Kaiser's claims are typical of the claims of the other members of the Caller ID Class. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same: Defendants violated the ATDA by impeding the caller ID in autodialed telemarketing calls to the members of the Caller ID Class, including Plaintiff.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

24

98.     Plaintiff will fairly and adequately protect the interests of the Caller ID Class. Plaintiff Kaiser has no interests that might conflict with the interests of the Caller ID Class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

99.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.  There are, on information and belief, thousands of members of the Caller ID Class, such that joinder of all members is impracticable.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

100.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

101.    Defendants have acted and failed to act on grounds generally applicable to Plaintiff Kaiser and the other members of the Caller ID Class, thereby making relief appropriate with respect to the Caller ID Class as a whole.  Prosecution of separate actions by individual members of the Caller ID Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Caller ID Class that would establish incompatible standards of conduct.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

102.    The identity of the Caller ID Class is, on information and belief, readily identifiable from Defendants' records.

**ANSWER:** CVS Defendants deny the allegations of this paragraph.

WHEREFORE, CVS Defendants deny that Plaintiffs are entitled to any relief

whatsoever. CVS Defendants further request that this Court enter judgment in Defendants' favor

and against Plaintiffs as follows:

A.      That Plaintiffs take nothing by reason of the FAC and that judgment be

rendered in favor of the Defendants;

B.      That CVS Defendants be awarded their costs and reasonable attorneys' fees; and,

C.      For such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the FAC, CVS Defendants assert and allege the following Affirmative Defenses. By alleging the defenses below, CVS Defendants do not in any way agree or concede that Plaintiffs have properly stated any cause of action in the FAC or that CVS Defendants have the burden of proof or persuasion with respect to any of their defenses.

## FIRST AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the doctrines of estoppel, waiver, laches or release, or are otherwise time barred.

## SECOND AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by Plaintiffs' consent to the conduct at issue, and/or by the doctrine of ratification.

## THIRD AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred because any calls at issue involve messages, including, but not limited to, healthcare messages or emergency calls, permitted under, allowed by, and/or exempt from, the TCPA, the ATDA and/or any related regulations.

4851-4141-1118.5

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred as they lack an adequate Article III injury, and/or any award would constitute unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the FAC seeks statutory penalties of any kind, such claims are punitive and violate CVS Defendants' due process rights and/or the prohibition against "excessive fines" of the United States Constitution, Eighth Amendment, and therefore fails to state a claim upon which statutory penalties may be awarded.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred to the extent Plaintiffs' state law claims are preempted by the TCPA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred to the extent any calls made are subject to a qualified privilege, business justification and/or were otherwise privileged.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part by the primary jurisdiction doctrine.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part because they failed to mitigate their damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part by virtue of CVS Defendants' established business relationship with Plaintiffs and/or members of any putative class members.

4851-4141-1118.5

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part as CVS Defendants substantially complied with the TCPA, the ATDA and/or any related regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part due to lack of standing.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part by the terms and conditions and/or limitations or liability contained in any applicable agreements with CVS Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part because any alleged damages were caused by the acts or omissions of Plaintiffs and/or members of the putative class, their agents or employees, intervening and superseding causes or circumstances, or by third parties for which CVS Defendants are not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims under the TCPA seek recovery for calls by telephone equipment other than equipment having the present capacity to randomly or sequentially generate numbers, they are barred as being in violation of the First Amendment to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims under the ATDA are based on calls by autodialers (as that term is defined in the ATDA) operated outside of Illinois, they are barred as being outside the scope of the ATDA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover statutory damages under the ATDA for any conduct before August 26, 2013, the effective date of the statutory damages provisions of the ATDA.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part as being in violation of the First Amendment to the United States Constitution, as they seek to apply the TCPA and ATDA in a way that imposes an impermissible time, place, or manner restriction on Defendants' speech. *See, e.g., Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989).

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that a named Plaintiff, or any putative class member, has agreed to arbitrate any or all of the purported claims, or failed to provide adequate notice of their claims or pursue their claims within a prescribed period of time, as set forth in any agreement(s) with any Defendants, the Complaint violates these agreement(s), and/or this Court lacks jurisdiction to hear the claims, and those claims should be dismissed and/or stayed.

CVS Defendants serve notice that they intend to rely upon and assert all defenses that may become known or available in the course of further investigation, discovery, or litigation in this action, and hereby reserve the right to amend this Answer and these Affirmative Defenses to assert any and all such defenses.

4851-4141-1118.5

WHEREFORE, CVS Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants further request that this Court enter judgment in Defendants' favor and against Plaintiffs as follows:

A.    That Plaintiffs take nothing by reason of the FAC and that judgment be rendered in favor of the Defendants;

B.    That Defendants be awarded their costs and attorneys' fees; and,

C.    For such other relief as this Court deems just and proper.

4851-4141-1118.5

**Dated:**  April 12, 2016                              Signed as to objections only,


                                                        s/ Jason P. Britt
                                                        FOLEY & LARDNER LLP
                                                        Frank E. Pasquesi
                                                        John F. Zabriskie
                                                        Jason P. Britt
                                                        321 North Clark Street, Suite 2800
                                                        Chicago, Illinois  60654-5313
                                                        (312) 832-4500 (telephone)
                                                        (312) 832-4700 (facsimile)
                                                        fpasquesi@foley.com
                                                        jzabriskie@foley.com
                                                        jbritt@foley.com

                                                        Michael D. Leffel (*admitted pro hac vice*)
                                                        FOLEY & LARDNER LLP
                                                        150 East Gilman Street
                                                        Madison, WI  53703
                                                        (608) 257-5035 (telephone)
                                                        (608) 258-4258 (facsimile)
                                                        mleffel@foley.com

                                                        *Attorneys for Defendants*
                                                        *CVS Pharmacy, Inc. and MinuteClinic, LLC*

4851-4141-1118.5

## <u>CERTIFICATE OF SERVICE</u>

I, Jason P. Britt, an attorney, do hereby certify that on April 12, 2016, I electronically filed CVS Pharmacy, Inc. and MinuteClinic, LLC's Amended Answer to Plaintiffs' First Amended Complaint with the Clerk of the Court using the CM/ECF system, which caused the same to be served on all counsel of record via ECF filing.

s/ Jason P. Britt