IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | 14 C 3687 |
| v. | ) ) | Judge John Z. Lee |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Carl Lowe and Kearby Kaiser ("Plaintiffs"), on behalf of themselves and others similarly situated, have brought this action against CVS Pharmacy, Inc., MinuteClinic, LLC, and West Corporation ("Defendants"). Plaintiffs' claims arise under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act (ATDA), 815 Ill. Comp. Stat. 305/1 *et seq*. They allege Defendants used an automated dialing system to place unsolicited, prerecorded calls to Plaintiffs and others. Before the Court are Plaintiffs' objections to Magistrate Judge Mason's order striking their request to exclude certain data relevant to Defendants' affirmative defense of consent, as well as Plaintiffs' motion to exclude additional untimely consent data, supplement their objections, and compel explanation of data. For the following reasons, Plaintiffs' objections [189] are overruled and their motion [265] is denied.

## Background

The present dispute arises over data that Defendants have produced in discovery that is relevant to their affirmative defense of prior express consent. Pls.' Objection 1, ECF No. 189. In a joint filing before this Court on March 14, 2016, Defendants represented that they would produce all consent data by April 15, 2016, and requested that the close of fact discovery be extended to June 13, 2016. Joint Mot. Extension Discovery Deadlines 7, ECF No. 146. The Court granted the parties' request to extend the deadline for fact discovery "along the lines of the deadlines that [were] proposed by the parties in the motion." Hr'g Tr. of Apr. 5, 2016, 12:11–16, ECF No. 182. Defendants did not, however, adhere to the deadline for producing consent data. Rather, Defendants continued to produce consent data after April 15 on a rolling basis, resulting in Plaintiffs' receipt of the "bulk" of Defendants' consent data between April 22, 2016, and May 12, 2016, and thereby reducing the amount of time between Plaintiffs' receipt of the data and the close of fact discovery. Pls.' Objection at 2.

Initially, on April 21, 2016, Plaintiffs moved before Magistrate Judge Mason to have all late-produced consent data excluded or, in the alternative, immediately produced. Pls.' Mot. Exclude or Compel Consent Materials, ECF No. 173. Magistrate Judge Mason took their motion under advisement. Order of Apr. 25, 2016, ECF No. 176. Later, on May 9, 2016, Plaintiffs filed a supplemental status report further elaborating the prejudice caused by Defendants' delayed production. Pls.' Status Report, ECF No. 178. On May 23, 2016, Magistrate Judge Mason

2

struck Plaintiffs' motion to exclude the late-produced consent data, stating that Defendants' delayed production mooted Plaintiffs' request to exclude. Order of May 23, 2016, ECF No. 187. Plaintiffs filed objections to Magistrate Judge Mason's ruling soon thereafter before this Court.

More recently, on January 9, 2017, Plaintiffs moved to exclude additional consent data that Defendants produced that day. Defendants assert that they produced this data as soon as possible after disclosing separate, corresponding call data in December 2016. Defs.' Resp. Pls.' Mot. Exclude Addtl. Untimely Consent Data 1–2, ECF No. 267. In addition, Plaintiffs supplemented their objections to Magistrate Judge Mason's order and requested that the Court order Defendants to explain certain aspects of the call and consent data.

**Legal Standard**

The Court reviews a magistrate judge's order on a nondispositive pretrial matter only to determine whether it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under this standard, a district court "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Thus, an objecting party must satisfy a heavy burden in persuading the Court to modify the magistrate judge's ruling. *Finwall v. City of Chi.*, 239 F.R.D. 504, 506 (N.D. Ill. 2006).

It is within the Court's discretion to exclude evidence on the basis of discovery violations, including missed deadlines. *Id.* at 506–07. But such exclusion

3

is not required if the violation is either substantially justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). In determining whether exclusion is appropriate, the Court considers the following factors: (1) prejudice or surprise to the party against whom the nondisclosed evidence is offered; (2) the ability of the harmed party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Keach v. U.S. Trust Co.*, 419 F.3d 626, 640 (7th Cir. 2005).

## **Analysis**

Plaintiffs lodge two primary objections to Magistrate Judge Mason's order denying their motion to exclude. First, Plaintiffs argue the order did not consider whether, under Rule 16, there was "good cause" to extend the parties' agreed deadline for Defendants to produce consent data. Pls.' Objection at 7. This argument, however, was not presented before the magistrate judge. Arguments not raised before a magistrate judge are waived and cannot be raised in objecting to the judge's order. *Finwall*, 239 F.R.D. at 506 (citing *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000)). And in any case, even assuming that Defendants

violated Rule 16,[1] Plaintiffs have not demonstrated that denying exclusion was clearly erroneous, as the Court explains below.

Plaintiffs' second objection to Magistrate Judge Mason's order is that he did not consider the prejudice they suffered as a result of Defendants' delayed production, which Plaintiffs contend warrants exclusion. Pls.' Objection at 9. As a threshold matter, Plaintiffs bemoan the magistrate judge's ruling on their motion to exclude "without presentment, briefing, or a hearing." *Id.* at 13. Substantively, Plaintiffs assert that they were prejudiced by Defendants' delayed production of substantially more consent data than Defendants had previously represented, such that "Plaintiffs [had] substantially less time than previously budgeted to analyze and review exponentially more consent data than disclosed, and to complete necessary discovery on that issue." *Id.* at 10. Plaintiffs further note that Defendants' "scattershot" production of consent data on a rolling basis and in an unsatisfactory format reduced the amount of time Plaintiffs' expert had to analyze the data in advance of the close of fact discovery. *Id.* To that end, Plaintiffs assert

---

[1] Defendants attempt to sidestep Plaintiffs' allegation of a Rule 16 violation by suggesting the April 15, 2016 deadline was not outlined in a "clear court order." Defs.' Resp. Pls.' Objection 15, ECF No. 201. This argument, however, borders on the frivolous. The Seventh Circuit has made clear that parties must adhere to representations in the discovery process made to the court with or without a court order acknowledging those representations. *See Charter House Ins. Brokers, Ltd. v. N.H. Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981); *Sommerfield v. City of Chi.*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). And in any event, when the Court granted the parties' request to extend the deadline for fact discovery, it did so "along the lines of the deadlines that are proposed by the parties in the motion." Hr'g Tr. of Apr. 5, 2016, 12:11–16. This provided sufficient notice that the Court expected the parties to adhere to the deadlines they had represented to the Court and to notify the Court if adherence was impossible.

5

that they did not have sufficient time to prepare for depositions with the benefit of having analyzed the data. *Id.* at 7.

First, in regard to Plaintiffs' complaint that Magistrate Judge Mason did not afford them the opportunity for presentment, briefing, or a hearing, the record belies the notion that the magistrate judge did not afford Plaintiffs an opportunity to expound their claims of prejudice. Not only did the magistrate judge take Plaintiffs' initial motion under advisement—meaning he considered the motion, which included claims of prejudice, without affording *Defendants* an opportunity to formally respond—but Plaintiffs also submitted a status report discussing their pending motions that containing an exhibit in which their expert outlined the difficulties caused by Defendants' delayed production. Based on the record, Magistrate Judge Mason gave Plaintiffs ample opportunity to present their claims of prejudice.

With these claims of prejudice in mind, Magistrate Judge Mason concluded that Defendants' production of the data at issue, even though delayed, was sufficient to resolve the matter. And while his entry striking Plaintiffs' motion did not discuss prejudice, the magistrate judge's decision to deny exclusion was not clearly erroneous in light of Plaintiffs' arguments. While Plaintiffs describe in such detail the amount of data Defendants delayed in producing and the difficulties that the amount and form of this data presented, Plaintiffs have not identified any areas of fact discovery that they were unable to explore, nor any depositions they believe were incomplete or unsatisfactory, due to Defendants' delayed production and

6

Plaintiffs' resulting inability to analyze the data at issue. As the Court told the parties before Plaintiffs filed their objections, "To the extent that anyone needs to be redeposed because of various discovery issues, so be it. And [the Court] will entertain requests to assess costs and fees with regard to any depositions that need to be done again due to any non-compliance with the discovery deadlines." Hr'g Tr. of May 25, 2016, 12:17–21, ECF No. 213. Plaintiffs have not, however, requested any such relief,[2] thus undermining their claims of prejudice. The Court declines to order the more drastic remedy of excluding the data entirely. *See Charles v. Cotter*, 867 F. Supp. 648, 655 (N.D. Ill. 1994) (declining to exclude evidence produced after the close of discovery where plaintiff failed to assert prejudice beyond untimeliness and did not seek a lesser, more proportionate remedy).

What is more, in their later motion to exclude more recent consent data, Plaintiffs state that their expert "was able to timely develop and make a report as to the call data that CVS provided, [but] he was pressed for time." Mot. Exclude Addtl. Untimely Consent Data, Supplement Objections, and Compel Explanation of Data 2, ECF No. 265. While it is unclear whether this refers to earlier consent data or only the most recent call or consent data in question, Plaintiffs do not claim that their expert was unable to analyze any of the data at issue. Moreover, Defendants

---

[2] As an alternative to exclusion of the consent data, Plaintiffs have requested additional interrogatories and document requests, as well as a continuance for consent-related Rule 30(b)(6) depositions. Pls.' Reply Supp. Objection 13, ECF No. 216. To the extent this alternative request is not moot, it is also denied without prejudice. Insofar as Plaintiffs wish to further explore specific areas of fact discovery or redepose specific individuals based on specific issues raised by late-disclosed data, they are at liberty to petition the Court for such relief.

7

point out that "[w]hile Plaintiffs have previously claimed to need consent data in advance of expert discovery . . . , their data expert has not provided *any* opinion regarding the consent data that has been produced in this case." Def.'s Resp. Mot. Exclude Addtl. Data at 7. Accordingly, on this record, the Court finds that Plaintiffs have failed to demonstrate concrete, incurable prejudice.

Moreover, the remaining factors relevant to whether the data should be excluded support Magistrate Judge Mason's decision to deny exclusion. This case has not progressed to a stage at which Defendants' delayed production unduly impedes Plaintiffs' pursuit of their claims. *See, e.g.*, *von Pein v. Hedstrom Corp.*, No. 04 C 553, 2004 WL 2191601, at *4 (N.D. Ill. Sept. 23, 2004) (declining to impose the "harsh remedy" of excluding late-produced discovery where "no trial date had been set" and plaintiff "did not express any need for additional discovery precipitated by the[] late arrivals"). Additionally, Plaintiffs have not argued—and the Court does not find—that Defendants' delay occurred in bad faith. According to Defendants, their delayed production resulted from a combination of the volume of data involved, difficulty in accessing and assembling the data, and Plaintiffs' own delays. Def.'s Resp. Objection at 1–4. In response, Plaintiffs point to the length of this litigation and assert that Defendants have not been diligent in investigating their affirmative defense of consent. Pls.' Reply at 9. Although the Court agrees that Defendants could have (and should have) investigated the available universe of responsive documents in a more expeditious manner, the record is insufficient to support wholesale exclusion of the data. *See Berggruen v. Caterpillar Inc.*, No. 92 C

8

5500, 1995 WL 708665, at *6 (N.D. Ill. Nov. 29, 1995) (finding that delay in producing relevant evidence did not of itself constitute bad faith or unfair prejudice warranting exclusion). Thus, Magistrate Judge Mason's order was not clearly erroneous.

Similar shortcomings lead the Court to deny Plaintiffs' later motion to exclude consent data that Defendants have more recently produced. Plaintiffs claim that they "have been prejudiced by this late production," but they acknowledge that their expert was able to develop and analyze the data. Pls.' Mot. Exclude Addtl. Data at 2. The prejudice they allege appears to amount to simple delay, disappointment with the manner of the data's production, and the feeling that they are "still 'on their heels.'" *Id.* On this record, such claims of prejudice are insufficient to warrant the exclusion of relevant evidence. Additionally, Defendants assert that they produced the data as soon as they could following Defendant West's discovery of previously undisclosed call data. Defs.' Resp. Mot. Exclude Addtl. Data at 1–2. Although it may have taken Defendants longer that it should have, the facts do not support the draconian remedy of exclusion. Finally, Defendants further assert that they have provided an explanation for codes as requested by Plaintiffs, *id.* at 2, 8, and informed Plaintiffs that they did not make real-time order ready calls prior to 2012, *id.* at 3, 9, thereby mooting Plaintiffs' requests to compel these explanations.

## **Conclusion**

For the foregoing reasons, Plaintiffs' objections to Magistrate Judge Mason's order [189] are overruled and their motion to exclude additional untimely consent data, supplement their objections, and compel explanation of data [265] is denied.

**IT IS SO ORDERED.**          ENTERED   1/30/17

_____
**John Z. Lee
United States District Judge**