## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) | Case No. 1:14-cv-03687 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, | ) ) | Hon. Judge John Z. Lee Hon. Mag. Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiff Kearby Kaiser ("Kaiser" or "Plaintiff"), for himself and the Settlement Class Members (as defined below), on the one hand, and Defendants CVS Pharmacy, Inc. ("CVS Pharmacy"), MinuteClinic, LLC ("MinuteClinic") (collectively, "CVS"), and West Corporation ("West") (collectively, "Defendants"), on the other hand. This Settlement Agreement is intended to fully, finally, and forever resolve, discharge and settle the claims and defenses with respect to Kaiser and the Settlement Class defined herein in *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.) (the "Action"), with prejudice, upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court. Plaintiff and Defendants are referred to collectively in this Settlement Agreement as the "Parties."

## I.    RECITALS

**1.01**    On May 20, 2014, Plaintiff filed a class action complaint in the United States District Court for the Northern District of Illinois, alleging violations of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, arising from allegedly nonconsensual calls made by or on behalf of CVS to the cellular telephone numbers of Plaintiff and others using an automatic telephone dialing system. Plaintiff also alleged violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1 *et seq.*, arising out of CVS Pharmacy's and MinuteClinic's alleged use of an autodialer to call his and others' phones, and impeding caller identification. Plaintiff subsequently amended his pleadings to add a CVS calling vendor, West, as a defendant, filing a First Amended Complaint on April 13, 2015 (the "Complaint").[1]

**1.02**    On November 9, 2015, the Parties engaged in an all-day, in-person, arms-length mediation with Rodney A. Max, Esq. This mediation did not result in settlement, and the Parties thereafter continued to aggressively litigate the case, including through contested motion practice, extensive adversarial discovery, and engaging in two sets of briefings on class certification, in addition to oral argument.

**1.03**    On September 21, 2018, the Parties again participated in mediation, with Hon. Diane M. Welsh (Ret.) of JAMS. This mediation was, likewise, unsuccessful.

**1.04**    In April 2019, counsel for the Parties reopened communications to determine the possibility that this case could be resolved through negotiated settlement, which efforts were ultimately successful at reaching an agreement in principle. Based on their investigation and negotiations, which included extensive class and expert discovery, and taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by Settlement Class Members pursuant to this Settlement Agreement, Plaintiff and Class Counsel have concluded that a settlement with

---

[1]    Kaiser was joined in these proceedings with another consumer plaintiff, Carl Lowe. Mr. Lowe is not a part of this Settlement Agreement.

Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

      **1.05**     Defendants deny and continue to deny Plaintiff's allegations in the Complaint and maintain that they complied with the TCPA, ATDA, and all applicable laws. Defendants further maintain that if this Action were to be litigated, the Action would not be appropriate for class treatment.  Defendants are entering into this Settlement Agreement to avoid the expense, time, and risk associated with the continued defense of the Action through dispositive motions, class certification, trial, and any subsequent appeals.  Defendants also have considered the uncertainty, difficulty, and delays inherent in litigation, especially in this complex class action.  Therefore, Defendants believe it is desirable that this Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Neither the fact of Settlement, this Settlement Agreement, nor any consideration thereof, nor any actions taken to implement the terms of this Settlement Agreement are intended to be, nor may they be, deemed or construed to be an admission or concession of liability or of the validity of any claim or of any point of law or fact based upon, arising out of, relating to, or otherwise in connection with the allegations asserted or that could have been asserted in this Action, and shall not be deemed or construed to be an admission or evidence for any purpose whatsoever.

      **1.06**     Plaintiff believes that the claims asserted in the Action have merit.  Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against Defendants through dispositive motions, class certification, trial, and any subsequent appeals.  Plaintiff and Plaintiff's counsel also have considered the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions.  Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Action and

the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed by consulting with their own experts and by performing discovery, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Settlement Agreement.

**1.07** The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of the disputed allegations, facts, and claims alleged or that could have been alleged in this Action. The Parties further understand, acknowledge, and agree that this Settlement Agreement, including all terms hereof, shall be inadmissible as evidence against any of the Parties in any proceeding whatsoever except any such proceeding to enforce the terms of this Settlement Agreement. The Parties further understand, acknowledge, and agree that this Settlement Agreement is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims based upon, arising out of, related to, or otherwise in connection with the allegations in this Action as set forth herein.

**1.08** The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their undersigned respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and without admitting or conceding any liability or damages based upon, arising out of, related to, or otherwise in connection with the allegations asserted in this Action, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action as to Kaiser and the Settlement Class and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Settlement Agreement.

## II. **DEFINITIONS**

As used in this Settlement Agreement and the exhibits attached hereto, the terms set forth below shall have the meanings set forth below. The singular of a term shall include the plural of the term, and the plural of a term shall include the singular of the term. A masculine, feminine, or neuter pronoun shall include each of the other genders.

**2.01** "Action" means *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687, currently pending in the United States District Court for the Northern District of Illinois.

**2.02** "Approved Claims" means claims that have been validly completed, timely submitted, and approved for payment, pursuant to the terms of this Settlement Agreement.

**2.03** "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.04** "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.05** "Claim Form" means the claim form substantially in the form attached hereto as Exhibit A.

**2.06** "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.07** "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.08** "Class Counsel" means Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Matthew P. McCue of the Law Office of Matthew P. McCue, Edward A. Broderick of Broderick Law, P.C., and Brian K. Murphy of Murray Murphy Moul + Basil LLP.

**2.09** "Class List" means the list of phone numbers attached as Exhibit E. The Class List will be submitted under seal as part of Plaintiffs' Motion for Preliminary Approval.

**2.10** "Class Notice" means the notice specified in Section VIII of this Settlement Agreement.

**2.11** "Class Period" or "Settlement Period" means May 20, 2010, until September 18, 2013.

**2.12** "Class Representative" means Plaintiff Kearby Kaiser.

**2.13** "Court" means the United States District Court for the Northern District of Illinois.

**2.14** "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement Agreement pursuant to Section 7.08(f).

**2.15** "Defendants' Counsel" means the law firm of Foley & Lardner LLP.

**2.16** "Effective Date" means the date on which the judgment becomes final as provided in Section 12.01.

**2.17** "Escrow Account" means an interest-bearing account established at a financial institution, by the Settlement Administrator, into which monies shall be deposited as set forth by this Settlement Agreement.

**2.18** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement Agreement as fair, reasonable, and adequate.

**2.19** "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

**2.20** "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 210 days after the date on which the last check for a Cash Award was issued.

**2.21** "Funding Date" means thirty (30) days after the Effective Date.

**2.22** "Objection Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.23** "Opt-Out Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.24** "Preliminary Approval Order" means the order by the Court granting preliminary approval to this Settlement Agreement, substantially in the form attached hereto as Exhibit D.

**2.25** "Released Claims" means any and all of the claims released as set forth in Section 13 of this Settlement Agreement.

**2.26** "Released Parties" means Defendants and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of its and their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, employees, insurers, reinsurers, shareholders, members, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives.

**2.27** "Settlement Administrator" means A.B. Data, Ltd., the neutral third party selected

by the Parties to effectuate Class Notice and otherwise administer the Settlement Agreement as set forth herein, subject to all applicable privacy laws, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and Court approval.

**2.28**   "Settlement Agreement" or "Agreement" means this Class Action Settlement Agreement and Release, including any incorporated exhibits or attachments.

**2.29**   "Settlement Class" or "Class" means the persons on the Class List.  For self-identification purposes, the Class List may be described as all persons in the United States whom CVS called using an unattended message in MinuteClinic's 2013 flu shot reminder campaign that offered a CVS Pharmacy retail coupon, where: (1) the call was made to a cell phone number, or (2) the person was an Illinois resident.

**2.30**   "Settlement Class Members" or "Class Members" means those persons who are members of the Settlement Class, as set forth in the definition in Section 2.29, and who do not timely and validly request exclusion from the Settlement Class.

**2.31**   "Settlement Costs" means all costs incurred by Plaintiff, the Settlement Class Members, and their attorneys, including but not limited to Plaintiff's attorneys' fees, costs of suit, Plaintiff's expert or consultant fees, any incentive payments paid to the Class Representative, notice costs, costs of claims administration, and all other costs of administering the Settlement Agreement.

**2.32**   "Settlement Fund" means the non-reversionary cash sum that will be paid by Defendants to settle this Action in accordance with the terms of this Settlement Agreement, as identified in Section 4.02.

**2.33**   "Settlement Notice Date" means thirty (30) days after a Preliminary Approval Order is issued.

**2.34** "Settlement Website" means the internet website operated by the Settlement Administrator as described in Section 8.04.

**2.35** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

III.   **THE PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT AGREEMENT.**

**3.01**   <u>Defendants' Position on Certification of the Settlement Class</u>. Defendants dispute that, absent settlement, a class would be manageable or that common issues predominate over individual ones, and further deny that a litigation class properly could be certified on the claims asserted in this Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the certification for <u>settlement purposes only</u> of the Settlement Class.  Certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendants be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, certification of the Settlement Class is voidable by either party. In such event, no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action.  No agreements made by or entered into by Defendants in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02**   <u>Plaintiff's Position on Certification of the Settlement Class</u>.  Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports

those claims. This Settlement Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendants have asserted.

Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendants, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement. Plaintiff and Class Counsel believe that the agreement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class, and that it is in the best interests of the Class to settle as described herein.

## IV. SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**4.01** <u>Discovery</u>: The Parties have engaged in discovery, and have agreed upon the Class List. The Parties agree that no further discovery need occur.

**4.02** <u>Monetary Consideration</u>. In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, Defendants will pay or cause to be paid into the Escrow Account the Settlement Fund in the amount of fifteen million dollars ($15,000,000.00), pursuant to the timeline detailed in Section 7.07. Under no circumstances shall Defendants be required to pay or cause to be paid any amount in excess of fifteen million dollars ($15,000,000.00) under this Settlement Agreement.

**4.03** <u>Eligibility for Cash Awards</u>. Each member of the Settlement Class who does not timely and validly submit a request for exclusion from the Settlement Class as required in this

Settlement Agreement will be a Settlement Class Member and will be mailed a Cash Award to the extent a valid address can be located or they otherwise make a valid and timely claim. Each Settlement Class Member shall be entitled to one Cash Award, except that any Settlement Class Member who received calls on multiple phone numbers may obtain a Cash Award for each unique phone number called.

      **4.04**    <u>Amount Paid to Settlement Class Members</u>. Each Settlement Class Member for whom an address can be located or who makes a valid and timely claim shall receive one Cash Award per phone number on the Class List. The amount of each Cash Award shall be determined by the following formula: (Settlement Fund – Settlement Costs) ÷ (Total Number of Valid and Timely Claims + Total Number of Class Members for Whom an Address Can Be Otherwise Located) = Cash Award. Therefore, the Cash Award for each Settlement Class Member for whom a valid address can be located or who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members. (For the distribution of Settlement Class Member payments that go uncashed, see Section 7.08.)

## V.    <u>ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES</u>

      **5.01**    <u>Class Representative and Class Counsel Appointment</u>. For settlement purposes, and subject to Court approval, Kaiser is appointed as the Class Representative for the Settlement Class as a whole.

      **5.02**    <u>Attorneys' Fees and Costs</u>. Class Counsel shall move the Court for an award of attorneys' fees, not to exceed one-third of the total Settlement Fund, plus costs/expenses incurred by Class Counsel in this Action. Nothing in this Settlement Agreement requires Defendants or Defendants' Counsel to take any position with respect to such request. Class Counsel shall be entitled to payment of any such fees and costs awarded by the Court out of the Settlement Fund

as set forth in Section 7.08. This Settlement Agreement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel. Any payment under this Section 5.02 shall be paid exclusively from the Settlement Fund. Any request for attorneys' fees and costs/expenses shall be noticed to be heard at or before the Final Approval Hearing. The Settlement Administrator shall disburse any approved award of attorneys' fees and costs/expenses to Class Counsel no later than thirty (30) days after the Funding Date.

**5.03** <u>Payment to Class Representative</u>. The Class Representative will ask the Court to award an incentive payment for the time and effort he has personally invested in the Action on behalf of the Settlement Class. Within thirty (30) days of the Funding Date, and after receiving a W-9 form from the Class Representative, the Settlement Administrator shall pay to the Class Representative the amount of any incentive payment awarded by the Court in its Final Approval Order. Court approval of any incentive payment, or its amount, is not a condition of the Settlement Agreement. Plaintiff anticipates seeking an incentive award of $15,000. Any payment under this section shall be paid exclusively from the Settlement Fund. Nothing in this Settlement Agreement requires Defendants or Defendants' Counsel to take any position with respect to such request.

**5.04** <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>. The payment of attorneys' fees, costs, and any incentive payment set forth in Sections 5.02 and 5.03 are subject to and dependent upon the Court's approval of the Settlement Agreement as fair, reasonable, adequate and in the best interests of Settlement Class Members. However, this Settlement Agreement is not dependent or conditioned upon the Court approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff. In the event

the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties.

## VI.    PRELIMINARY APPROVAL

**6.01**    <u>Order of Preliminary Approval</u>.  As soon as practicable after the execution of this Settlement Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as <u>Exhibit D</u>.  Pursuant to the motion for preliminary approval, Plaintiff will request that:

a.    the Court find that giving notice is justified by the parties' showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Class for purposes of judgment on the proposal;

b.    the Court conditionally certify the Settlement Class for settlement purposes only, appoint Kaiser as the Class Representative of the Settlement Class for settlement purposes only, and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

c.    the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

d.    the Court approve the form(s) of Class Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

e.    the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

f.    the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VII. ADMINISTRATION AND NOTIFICATION PROCESS

**7.01** <u>Third-Party Settlement Administrator</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a rational, reasonable, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement and this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by the Court and applicable law in accordance with its normal business practices, including, but not limited to, a summary of work performed by the Settlement Administrator, including an accounting of all amounts paid from the Settlement Fund to Settlement Class Members. Such records shall be provided to Class Counsel and Defendants' Counsel upon reasonable request. Without limiting the foregoing, the Settlement Administrator shall receive objections and Request for Exclusion forms, and upon such receipt shall promptly provide copies of such objections and Requests for Exclusion forms to Class Counsel and Defendants' Counsel.

The Settlement Administrator shall be responsible for all matters relating to the administration of this Settlement Agreement, including, but not limited to:

      a.      Preparing and completing Class Notice;

      b.      Creation of the Escrow Account;

      c.      Obtaining complete address information for Settlement Class Members including new addresses for any returned Class Notice, settlement checks, or any other documents;

      d.      Creating, operating, maintaining, and hosting a Settlement Website, from which Settlement Class Members can access copies of the Complaint, this Settlement

Agreement, Class Notice, the Preliminary Approval Order, and other pertinent documents, materials, and information about this Settlement Agreement;

      e.    Acting as a liaison between Settlement Class Members and the Parties;

      f.    Issuing and mailing Settlement payments;

      g.    Preparing and sending all notices required under CAFA;

      h.    Preparing and providing a declaration to Class Counsel and Defendant's Counsel prior to the submission of the Plaintiff's Motion for Final Approval of the Class Action Settlement: (i) attesting to the compliance of the provisions of this Settlement Agreement concerning Class Notice; and (ii) listing each Settlement Class Member who timely and validly submitted a Request for Exclusion opting out of the Settlement Agreement as described in Section 10.01 of this Settlement Agreement; and

      i.    Performing any other tasks reasonably required to effectuate the Settlement and this Settlement Agreement, including, but not limited to, all responsibilities, obligations, and tasks referenced in any Section of this Settlement Agreement.

**7.02**    In the exercise of its duties outlined in this Settlement Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member as it relates to the Settlement Agreement.

**7.03**    <u>Class List</u>.  After the Settlement Administrator is appointed by the Court and agrees to be bound by the Protective Order entered in this Action on September 9, 2014 (Dkt. 41), as may be amended by this Court ("Protective Order"), the Parties shall, no later than fourteen (14) days after entry of the Preliminary Approval Order, cause the Class List to be delivered to the Settlement Administrator solely for the purposes of administering this Settlement Agreement in the manner directed by the Preliminary Approval Order.  The agreed Class List

includes the unique phone numbers of Settlement Class Members. Associated names and addresses will also be provided, to the extent available from the data produced by Defendants in the Action. The Settlement Administrator shall perform a reverse-lookup on the Class List as provided in Section 8.02, including any necessary address update, to identify and confirm name and address information for purposes of distributing direct Class Notice.

7.04    At no time shall the Settlement Administrator share the Class List or any information contained on the Class List, or any Protected Health Information ("PHI"), with the Court, or any other person or entity, without a Court Order or an authorization form that is signed by the Settlement Class Member whose information is to be disclosed (or by someone with legal authorization to sign on their behalf), except that the Settlement Administrator shall comply with any federal and state tax laws and required reporting and withholding with respect to this Settlement Agreement, and Defendants shall have no obligations relating to such matters.

7.05    <u>Compliance with all Regulatory and Other Requirements</u>. The Class List delivered by the Parties to the Settlement Administrator pursuant to Section 7.03 of this Settlement Agreement and as ordered by the Court and any other information submitted by Claimants to the Settlement Administrator, will be recorded by the Settlement Administrator in a computerized database that will be securely and confidentially maintained by the Settlement Administrator in accordance with HIPAA and all other applicable federal, state and local laws, regulations and guidelines. The Settlement Administrator must: (a) designate specifically-assigned employees to handle its administration of this Settlement Agreement; (b) train them concerning their legal duties and obligations arising out of this Settlement Agreement with respect to the information that they are provided; (c) ensure that all of the information it receives is used properly in accordance with HIPAA and all other applicable federal, state and local laws

and solely for the purpose of administering this Settlement Agreement; and (d) ensure that an orderly system of data management and maintenance is adopted and implemented, and that the information is retained under responsible custody until the conclusion of this Action, at which time all of the information and data shall be destroyed by the Settlement Administrator upon a written certification to be filed with the Court. The Settlement Administrator will keep the database in a form that grants access for settlement administration use only, and shall restrict access rights only to the least possible number of employees of the Settlement Administrator who are working directly on the administration of this Settlement Agreement. The Settlement Administrator shall notify the Court and Counsel for the Parties in writing if there is any breach of applicable privacy laws in any respect.

**7.06** <u>Access to the Class List and Related Information</u>. Only Class Counsel, Defendants, Defendants' counsel, and the Settlement Administrator shall have access to the Class List and other information submitted by Settlement Class Members, except as otherwise specifically provided herein. Other than objections and opt-outs, all information submitted by Settlement Class Members to the Settlement Administrator will be treated as confidential pursuant to the Court's Preliminary Approval Order and the Protective Order.

**7.07** <u>Payment of Notice and Settlement Administration Costs</u>. Upon the later of (i) twenty-one (21) days after entry of the Preliminary Approval Order or (ii) five (5) business days after the Settlement Administrator provides to Defendants a valid, completed W-9 Form, Defendants shall fund the Settlement Fund in the amount of $500,000. Within thirty (30) days after the Effective Date (i.e., the "Funding Date"), Defendants shall pay the remaining $14,500,000 balance owed towards the Settlement Fund. The Settlement Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement

Agreement and shall provide those to the Parties monthly. After Defendants have paid or caused the Settlement Fund to be paid, Defendants shall have no further obligation to pay or cause to be paid any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund. Any dispute between Settlement Class Members and the Settlement Administrator regarding the reasonableness of the Settlement Costs shall create no further obligation on the part of Defendants to pay or cause to be paid any amount in addition to the amount provided for under Section 4.02.

**7.08** <u>Distribution of the Settlement Fund</u>. The Settlement Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a. no later than fourteen (14) days after the Funding Date, the Settlement Administrator shall be paid for any unreimbursed costs of notice and administration incurred;

b. no later than thirty (30) days after the Funding Date, the Settlement Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.02;

c. no later than thirty (30) days after the Funding Date, the Settlement Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 5.03;

d. no later than thirty (30) days after the Funding Date, the Settlement Administrator shall pay the Cash Awards to eligible Settlement Class Members pursuant to Section 9;

e. if checks that remain uncashed after 210 days of the first pro rata distribution yield an amount that, after administration costs, feasibly allow a further pro rata

distribution to qualifying Settlement Class Members, the Settlement Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed their initial settlement checks. Such redistributions shall be made until the Settlement Administrator determines that it is administratively infeasible given the available amount in the Settlement Fund.

f.      if a further pro rata distribution is administratively infeasible, the uncashed amount will be paid to a mutually agreeable *cy pres* recipient, subject to Court approval. The Parties propose that such funds be paid to the Illinois Bar Foundation.

## VIII.  <u>NOTICES</u>

**8.01**   <u>Timing of Class Notice</u>. Class Notice shall be provided to all persons in the Settlement Class within thirty (30) days following entry of the Preliminary Approval Order as described herein. The Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure.

**8.02**   <u>Mailing of Settlement Notice</u>. The Settlement Administrator will conduct research to identify the owners of the cell phones contained on the Class List and their current addresses. The Settlement Administrator will then compare the results of such research to the names and addresses associated with these numbers as contained in the Defendants' records. Where the Settlement Administrator determines that the research and records identify the correct individual from the Class List, by the Settlement Notice Date, the Settlement Administrator shall send the person so identified the Settlement Notice in the form of <u>Exhibit C-1</u>, via first class mail in a sealed envelope. The Settlement Administrator shall take all reasonable steps to ensure proper delivery, including updating addresses and re-mailing, as needed. All costs of performing the reverse lookup, mailing, and re-mailing of returned Settlement Notices, and other aspects of

Class Notice will be considered Settlement Costs. The Parties reserve the right to add additional email notice upon agreement but such notice shall also be paid solely through the existing Settlement Fund.

 **8.03** <u>Online Publication Notice</u>. The Parties recognize that physical address contact information for the vast majority of Settlement Class Members will be identified through Defendants' records produced in discovery in the Action, including via reverse-lookups if necessary. However, to the extent the Settlement Administrator is unable to ascertain a physical address for any phone number on the Class List, the Settlement Administrator shall use its best judgment, with the approval of the Parties, to attempt to provide notice of the Settlement Agreement to such persons. This shall include a targeted Google Ads campaign substantially in the form attached as <u>Exhibit C-3</u>. The online publication notice program will be initiated on the Settlement Notice Date. The parties reserve the right to add additional publication notice upon agreement, and such notice shall also be paid solely through the existing Settlement Fund.

 **8.04** <u>Website Notice</u>. By the Settlement Notice Date, the Settlement Administrator shall maintain and administer a dedicated Settlement Website with a set of frequently asked questions and long-form Class Notice in the form of <u>Exhibit C-2</u>. The Settlement Website shall also permit Class Members to view and download the Settlement Agreement, the Parties' operative pleadings, and motions relevant to the Settlement Agreement, as well as a Claim Form that can be completed and mailed to the Settlement Administrator. The Settlement Website will also permit Class Members who did not receive a Settlement Notice to submit a claim online. Class Members may request a Claim Form or a copy of the long-form Class Notice by calling, mailing, or emailing the Settlement Administrator, as well. The Settlement Website shall remain operative until the date of the *cy pres* distribution.

**8.05** <u>Toll-Free Telephone Number</u>. Within ten (10) days of the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement Agreement, consisting of information concerning the Settlement Agreement, and providing the ability to leave a voicemail message to be called back. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and that details regarding the Settlement Agreement may be reviewed on the related Settlement Website or by contacting Class Counsel at an identified phone number.

**8.06** <u>CAFA Notice</u>. Defendants shall be responsible for Class Action Fairness Act ("CAFA") notice as required by 28 U.S.C. § 1715. The Parties agree that Defendants may utilize the Settlement Administrator to accomplish such notice, and that the Settlement Administrator's reasonable and actual cost of CAFA notice shall be deducted from the Settlement Fund.

## IX. <u>PAYMENT PROCESS</u>

**9.01** <u>Eligibility for Cash Award</u>. Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement Class as required in this Settlement Agreement shall be a Settlement Class Member and be eligible to obtain a Cash Award. Each Settlement Class Member shall be entitled to one Cash Award regardless of the number of times the Settlement Class Member was called on a particular phone number, but Settlement Class Members may obtain one Cash Award for each unique phone number on which they were called, per the Class List.

**9.02** <u>Conditions for Cash Award</u>. Cash Awards will be sent to Settlement Class Members whose Settlement Notice was not ultimately returned as undeliverable by the

Settlement Administrator via U.S. mail, or who otherwise submit a valid and timely Approved Claim. For Settlement Class Members who did not receive a Settlement Notice, to receive a Cash Award, these Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form by U.S. mail or through the Settlement Website (pursuant to Section 8.04), which shall contain the information set forth in Exhibit A hereto, including the Settlement Class Member's 1) first and last name; 2) current address; 3) cell phone number on which the claimant received a call by or on behalf of MinuteClinic; 4) current, additional contact telephone number, if any; and 5) contact email address, if any. The Claim Form must be signed by the claimant. The Settlement Administrator will notify claimants who submit a first incomplete or incorrect Claim Form of the deficiency, including an incorrect phone number, and provide them the opportunity to submit a corrected Claim Form. Claims will be limited to one claim per person, per unique phone number on the Class List, regardless of the number of times the number was called.

**9.03** Claims Review Process. As soon as practicable and reasonably contemporaneously with receipt of such, the Settlement Administrator shall confirm whether each Claim Form submitted (1) is in the form required, (2) was submitted in a timely fashion, (3) is complete, (4) is for a phone number and person on the Class List, and (5) is for a phone number that has not previously been submitted on another Claim Form, unless more than one person on the Class List has that same phone number. The Settlement Administrator shall forward its decision and supporting documentation to Defendants and Class Counsel for the claims on a rolling basis. Defendants shall have fourteen (14) days to dispute any claims decision made by the Settlement Administrator directly to Plaintiff, after which the Parties shall meet and confer. To the extent the Parties cannot reach an agreement as to the validity of a claim, the

Settlement Administrator will have the final authority to resolve all such claim disputes, and can request documentation or missing information from the claimant.

**9.04** <u>Mailing of Settlement Checks</u>. Settlement checks shall be sent to qualified Class Members by the Settlement Administrator via U.S. mail no later than thirty (30) days after the Funding Date. If any settlement checks are returned, the Settlement Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Settlement Administrator to resend the check to that Class Member. The Settlement Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for one hundred eighty (180) days after it is issued. To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the leftover funds associated with those checks to Settlement Class Members who cashed their check from the previous round of distribution on a *pro rata* basis, if doing so is administratively feasible. Any additional remaining funds, including to the extent a further distribution is not administratively feasible, shall be distributed as a *cy pres* award pursuant to Section 7.08(f).

## X. OPT-OUTS AND OBJECTIONS

**10.01** <u>Opting Out of the Settlement Agreement</u>. Any members of the Settlement Class who wish to opt-out of the Settlement Agreement (i.e., a request to be excluded from the Settlement Class) must advise the Settlement Administrator of that intent by mailing a request for exclusion (or "opt-out") by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall

clearly indicate the name, address, telephone number, the name and case number of the Action, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Class, and the signature of such person or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. The Settlement Administrator shall provide copies of all requests for exclusion it receives on a rolling basis to the Parties, and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement Agreement in its declaration filed with the Court, as required by Section 11.01. The declaration shall include the names of persons who have excluded themselves from the Settlement Agreement, but it shall not include their addresses or any other personal identifying information. Class Members who do not properly and timely submit a request for exclusion will be bound by this Settlement Agreement and the judgment, including the release in Section 13. Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Settlement Agreement. "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

**10.02** <u>Objections</u>. Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must submit a written objection to the Settlement Administrator by the Objection Deadline. In the written objection, the Class Member must state (1) his or her full name, address, and telephone number, and the telephone number(s) called by or on behalf of MinuteClinic (if different), (2) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections, (4) the identities and contact

information for any counsel representing the objector in relation to the case or objection, (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A written objection must contain the actual written signature of the Settlement Class Member making the objection. The Settlement Administrator shall provide Class Counsel and Counsel for Defendants with copies of any objections as they are received. The names of any objectors who affirmatively state in writing that they wish to use a pseudonym shall be held in strict confidence by Class Counsel and Counsel for Defendants and shall not be disclosed on the public record without the objector's written permission. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her objection, and to assess whether the objector has standing. A Class Member may not both opt out of the Settlement Agreement and object. If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

    **10.03** Any Settlement Class Member who timely objects pursuant to Section 10.02, may appear at the Final Approval Hearing, either in person or through an attorney hired at the

Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## XI. FINAL APPROVAL AND JUDGMENT ORDER

**11.01** No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Settlement Administrator shall cause to be filed with the Court and served on counsel for all Parties a declaration stating that the Notice required by the Settlement Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02** If the Settlement Agreement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

a. The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

b. Class Counsel and/or Defendants' Counsel may file a memorandum addressing any objections submitted to the Settlement Agreement.

**11.03** At the Final Approval Hearing, the Parties will ask the Court to, among other things:

a. certify the Settlement Class for settlement purposes only;

b. find that the Court has personal jurisdiction over all Settlement Class Members;

c. find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Settlement Agreement and all exhibits hereto;

d.      find final approval of this Settlement Agreement and the Settlement to be fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, that each Settlement Class Member shall, upon the Effective Date, be bound by this Settlement Agreement, including as to the Released Claims as described in Section 13 of this Settlement Agreement, and that this Settlement Agreement should be and is approved;

e.      direct the Parties and their counsel to implement this Settlement Agreement according to its terms and provisions;

f.      declare this Settlement Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members, and the Releasing Parties;

g.      find that the Class Notice as described in this Settlement Agreement satisfies the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement Agreement, and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement Agreement.

h.      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering and implementing the Settlement Agreement;

i.      dismiss the Action as to Kaiser and the Settlement Class, including, without limitation, all Released Claims against the Released Parties, on the merits and with

prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

j.      approve and incorporate the releases described in Section 13.01 of this Settlement Agreement, make such releases effective as of the Effective Date, and forever discharge the Released Parties from the Released Claims as described in Section 13.01 of this Settlement Agreement;

k.      without affecting the finality of the Final Approval Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Settlement Agreement; and

l.      permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendants or any of the Released Parties.

**11.04**  If the Court refuses to issue the Final Approval Order and Judgment in substantially the same form as Exhibit B, then the Settlement and this Settlement Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement and this Settlement Agreement consistent with the change or modification under which the Settlement and this Settlement Agreement are otherwise rendered null and void. In the event the Settlement and this Settlement Agreement become null and void, the Parties shall be restored without prejudice to their respective litigation positions in the Action prior to execution of this Settlement Agreement as described in Section 14.03 of this Settlement Agreement.

## XII.   FINAL JUDGMENT

**12.01**  The judgment entered at or after the Final Approval Hearing shall be deemed final:

a.      One (1) business day after the entry of the judgment granting final approval of the Settlement Agreement provided that no Class Member objected to the settlement;

b.      If there are objections but no appeal, or if a Class Member files a document within thirty (30) days after entry of the judgment granting final approval of the Settlement Agreement seeking appeal, review, or rehearing of the judgment, then five (5) days after the date upon which all appellate and/or other proceedings have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.

## XIII.   RELEASE OF CLAIMS

**13.01**   Upon the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class, and those claiming through them such as their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees, do hereby release and forever discharge Defendants and the other Released Parties from any and all liability for any and all Telephone Consumer Protection Act or state analog (including, but not limited to, the Illinois Automatic Telephone Dialers Act) claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that exist as of the date of the Preliminary Approval Order, arising out of

29

MinuteClinic's or CVS Pharmacy's (or West's operating on either CVS Pharmacy's or MinuteClinic's behalf) telephonic contact of Settlement Class Members, or alleged impediment of caller identification during such calls, during the Class Period.

## XIV. TERMINATION OF SETTLEMENT AGREEMENT.

**14.01** Either Side May Terminate the Settlement Agreement. Plaintiff and Defendants shall each have the unilateral right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement, by providing written notice of his, her, or its election to do so to the Court and all other Parties hereto ("Termination Notice") within twenty (20) calendar days of any Party's actual notice of any of the following occurrences:

　　　a.　　the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

　　　b.　　an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

　　　c.　　any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification, amendment, or change is accepted in writing by all Parties;

　　　d.　　the Effective Date does not occur for any reason;

　　　e.　　the judgment does not become final pursuant to Section 12.01; or

　　　f.　　any other ground for termination provided for elsewhere in this Settlement Agreement occurs.

**14.02**  <u>Termination if Large Number of Opt-Outs</u>.  If, as of the Opt-Out Deadline, more than 2,000 Settlement Class Members have opted-out of the Settlement Agreement pursuant to Section 10.01, Defendants shall have, in their sole and absolute discretion, the option to terminate this Settlement Agreement within ten (10) calendar days after the Opt-Out Deadline.

**14.03**  <u>Revert to Status Quo</u>.  If either Plaintiff or Defendants terminate this Settlement Agreement as provided herein, the Settlement Agreement shall be of no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement shall be vacated.  However, any payments made or due to the Settlement Administrator for services rendered shall not be refunded to Defendants.

**XV.**  **NO ADMISSION OF LIABILITY**

**15.01**  Defendants deny any liability or wrongdoing of any kind associated with the alleged claims in the operative Complaint, whether related to their conduct or the conduct of third parties on their behalf.  Defendants have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein shall constitute an admission by Defendants that the Action is properly brought on a class or representative basis, or that a class may be certified in the Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; (ii) are not and shall not be

deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**15.02**   Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Settlement Agreement nor any related documents filed or created in connection with this Settlement Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Settlement Agreement.

## XVI.   <u>TAXES</u>

**16.01**   <u>Qualified Settlement Fund</u>.   The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 7, including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").   It shall be the responsibility of the Settlement Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**16.02**   <u>Settlement Administrator is "Administrator"</u>.  For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated

as the "administrator" of the Settlement Fund.  The Settlement Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund.  Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**16.03**  <u>Taxes Paid by Administrator</u>.  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Settlement Administrator from the Settlement Fund.

**16.04**  <u>Expenses Paid from Fund</u>.  Any expenses reasonably incurred by the Settlement Administrator in carrying out its duties, including fees of tax attorneys and/or accountants and the cost of issuing 1099s (for example if the amount of a claim exceeds $600), shall be paid by the Settlement Administrator from the Settlement Fund.

**16.05**  <u>Responsibility for Taxes on Distribution</u>.  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

## XVII. <u>MISCELLANEOUS</u>

**17.01**  <u>Entire Agreement</u>.  This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties.  Any previous memoranda regarding settlement are superseded by this Settlement Agreement.  No representations, warranties, or inducements have

been made to any of the Parties, other than those representations, warranties, covenants, and inducements contained in this Settlement Agreement.

**17.02** <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of Illinois.

**17.03** <u>Jurisdiction</u>. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including Plaintiff, Defendants, and all Settlement Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

**17.04** <u>No Construction Against Drafter</u>. This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05** <u>Resolution of Disputes</u>. The Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court and otherwise effectuate the provisions herein. Any unresolved dispute regarding the administration of this Settlement Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**17.06** <u>Counterparts</u>. This Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

**17.07** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.08**    Authority.  Each counsel or other Party executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

**17.09**    No Oral Modifications.   This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendants and Plaintiff, and approved by the Court.

**17.10**    Waiver.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

**17.11**    Consultation with Counsel.   The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Settlement Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**17.12**    Notices.   Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and may be sent by electronic mail, overnight delivery by a nationally recognized carrier service (i.e., UPS, FedEx, or the equivalent), or hand delivery, postage prepaid, as follows:

If to Class Counsel:

    Alexander H. Burke
    BURKE LAW OFFICES, LLC
    155 N. Michigan Ave., Suite 9020
    Chicago, IL 60601
    Telephone: (312) 729-5288
    aburke@burkelawllc.com

If to Counsel for Defendants:

    Michael D. Leffel
    FOLEY & LARDNER LLP
    150 E. Gilman St., Suite 5000
    Madison, WI 53703
    Telephone: (608) 258-4216
    mleffel@foley.com

[signature page follows]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

DATED: _7 - 26 - 19_

Plaintiff Kearby Kaiser

_____

DATED: _____

Defendant CVS Pharmacy, Inc.

_____

Name: _____

Title: _____

DATED: _____

Defendant MinuteClinic, LLC

_____

Name: _____

Title: _____

DATED: _____

Defendant West Corporation

_____

Name: _____

Title: _____

37

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

DATED: _____          Plaintiff Kearby Kaiser

                                         _____

DATED: _7/24/19_____          Defendant CVS Pharmacy, Inc.

                                         _____

                                         Name: __Thomas S. Moffatt_____
                                                __Vice President and Corporate Secretary

                                         Title: _____

DATED: _7/24/19_____          Defendant MinuteClinic, LLC

                                         _____

                                         Name: __Thomas S. Moffatt_____
                                                __Vice President and Corporate Secretary

                                         Title: _____

DATED: _____          Defendant West Corporation

                                         _____

                                         Name: _____

                                         Title: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

DATED: _____     Plaintiff Kearby Kaiser

                                                 _____

DATED: _____     Defendant CVS Pharmacy, Inc.

                                                 _____

                                                 Name: _____

                                                   Title: _____

DATED: _____     Defendant MinuteClinic, LLC

                                                 _____

                                                 Name: _____

                                                   Title: _____

DATED: _____     Defendant West Corporation

                                                 _____

                                                 Name: _Sean Ward_____

                                                 Title: _Associate Counsel_____

Case: 1:14-cv-03687 Document #: 411-1 Filed: 07/26/19 Page 39 of 72 PageID #:12300

# Exhibit A

## Claim Form
### *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.)

(This claim form should only be used if a claim is being mailed in and is not being filed online at www.XXXXXXXXXXXXXX.com. If you received a notice through the mail, you do not need to file a claim because a check will automatically be mailed to you.)

---

## CONTACT INFORMATION

First Name: _____ Middle Initial: _____ Last Name: _____

Street Address 1: _____

Street Address 2: _____

City: _____ State: _____ Zip Code: _____

Current Phone Number: _____

Current E-mail (if available): _____

### APPLICABLE PHONE NUMBER

Phone Number to Which You Received a Call: _____

(Your phone number must be listed in our records as one of the phone numbers that was called as part of MinuteClinic's 2013 flu shot reminder campaign and included as part of the Settlement. If you were called on more than one phone number, or are not certain which of your phone numbers was called, you may submit each of them separately.)

---

## CERTIFICATION

By signing below, I certify that I was the subscriber or user of the above phone number when CVS made at least one unattended message call to it in 2013 that offered MinuteClinic flu shots and a CVS Pharmacy retail coupon, and that at the time, either: (1) the telephone number was assigned to a cellular telephone service, or (2) I was an Illinois resident.

Dated: _____                    _____
                                            Your Signature

---

**Please submit your completed claim form, postmarked no later than [date] to:**
**MinuteClinic TCPA Settlement, c/o [Claims Administrator], P.O. Box XXXXX, [City, State  ZIP]**

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) | Case No. 1:14-cv-03687 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, | ) ) | Hon. Judge John Z. Lee Hon. Mag. Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on ⬚⬚⬚⬚⬚⬚, notice of the Final Approval Hearing having been duly given in accordance with this Court's Preliminary Approval Order, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     The Settlement Agreement dated ⬚⬚⬚⬚⬚⬚, 2019, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

The persons on the Class List. For self-identification purposes, the Class List may be described as all persons in the United States whom CVS called using an unattended message in MinuteClinic's 2013 flu shot reminder campaign that offered a CVS Pharmacy retail coupon, where: (1) the call was made to a cell phone number, or (2) the person was an Illinois resident.

3.      The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff Kaiser and Class Counsel, and Defendants CVS Pharmacy, Inc. ("CVS Pharmacy"), MinuteClinic, LLC ("MinuteClinic") (collectively, "CVS"), and West Corporation ("West") (collectively, "Defendants"), and Defendants' counsel.

4.      The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

6.      This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.      A total of _____ Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

8.  The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

9.  The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Class Counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement Agreement treats Class Members equitably relative to each other.

10.  This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

11.  Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

12.  Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, is hereby barred from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

13.  The Settlement Agreement (including, without limitation, its exhibits), and any

and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiff Kaiser in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

14.     If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

15.     The Court grants Class Counsel's application for fees and costs, and awards $_____ in attorneys' fees and $_____ in costs. The Court finds these amounts appropriate, fair, and reasonable. The Court awards $_____ as an incentive award for Plaintiff Kearby Kaiser, and finds this amount fair and reasonable.

16.     Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

17.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

- 4 -

**IT IS SO ORDERED.**

Dated: _____        _____
                                            Hon. John Z. Lee
                                            United States District Judge

# **Exhibit C-1**

Claim#: AHU-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

## LEGAL NOTICE

*Lowe v. CVS Pharmacy, Inc.*,
No. 1:14-cv-03687 (N.D. Ill.)

A class action settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Illinois ("Court").

This case claims that CVS Pharmacy, Inc. and MinuteClinic, LLC ("CVS") violated the Telephone Consumer Protection Act ("TCPA") by making automated calls to cell phones playing a flu shot and discount coupon message without consent, and violated the Illinois Automatic Telephone Dialers Act ("IATDA") by impeding caller ID in such calls to both landline and cell phones. CVS and its vendor, West Corporation, deny that they did anything wrong.

**YOU ARE RECEIVING THIS NOTICE BECAUSE OUR RECORDS INDICATE THAT YOU ARE A CLASS MEMBER ENTITLED TO MONEY UNDER A PROPOSED CLASS ACTION SETTLEMENT.**

**Who Is Included?** If you received this notice, records in the Action indicate that you are a member of the Settlement Class. The "Settlement Class" means the persons on the Class List. For self-identification purposes, the Class List may be described as all persons in the United States whom CVS called using an unattended message in MinuteClinic's 2013 flu shot reminder campaign that offered a CVS Pharmacy retail coupon, where: (1) the call was made to a cell phone number, or (2) the person was an Illinois resident.

**Summary of the Settlement:** CVS agreed to establish a Settlement Fund of $15,000,000 to pay Class Members who make valid and timely claims or for whom a valid mailing address can otherwise be located; pay any incentive award to the Class Representative; pay attorneys' fees and costs; and pay settlement notice and administration costs. Plaintiff will request up to $15,000 as an incentive award, and up to $5,000,000 in attorneys' fees, plus costs (not anticipated to exceed $450,000). Any remaining monies from uncashed settlement checks may be redistributed or paid to the Illinois Bar Foundation or other non-profit.

**Can I Get Money from the Settlement?** Yes, if you received this notice by mail, you do not need to do anything to receive a *pro rata* Cash Award. Class Members who received calls on more than one phone number may receive one Cash Award per phone number called. Class Counsel estimate that the amount of the Cash Award may be about **$35**.

**Do I Have a Lawyer?** Yes. The Court appointed attorneys with Burke Law Offices, LLC, Broderick Law, P.C., the Law Office of Matthew P. McCue, and Murray Murphy Moul Basil LLP as Class Counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire.

**What Should I Do?** Class Members who are mailed this Notice have three options: (1) **Do Nothing.** If you received this notice by mail and the Settlement is approved, you will be automatically mailed a Cash Award by check from the Settlement Fund. You will be legally bound by all orders and judgments of the Court, and you will not be able to sue or continue to sue Defendants about the legal claims resolved by this Settlement. This includes giving up the right to sue separately for between $500 and $1,500 per violation plus injunctive relief under the TCPA, and/or $500 per violation plus costs and attorneys' fees and up to three times actual damages under the IATDA. (2) Remain a Class Member but **Object to the Settlement**. Instructions for objecting are available at www.xxxxxxxxxxxxxxxxx.com. Objections and supporting documents must be sent to the Settlement Administrator by [DATE] (which can be done confidentially pursuant to the terms of the Settlement Agreement). You may pay for and be represented by a lawyer who may send the objection for you. (3) **Exclude yourself from the Settlement Class** by mailing a request to the Settlement Administrator. You must state in writing your name, address, telephone number, and that you want to be excluded from the Settlement Class in *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.). Exclusions must be signed and postmarked no later than [DATE].

**Scheduled Hearing:** The judge scheduled a hearing for [time] on [date], in Courtroom 1225 of the Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative award. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**This is a summary notice only; for more information: Visit: www.xxxxxxxxxxxxxxxxx.com; Call: 1-XXX-XXX-XXXX; or write to: MinuteClinic TCPA Settlement Administrator, P.O. Box XXXXX, [City, State ZIP].**

# **Exhibit C-2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement will provide $15,000,000 to pay Cash Awards to persons called in 2013 with a prerecorded message referencing MinuteClinic flu shots and a CVS Pharmacy retail coupon, and who were: (1) called on their cell phone, or (2) residing in Illinois at the time of the call. We project that individual Cash Awards will total about **$35**.

- The prerecorded message that is the subject of this Settlement said:

  > **Hello, this is MinuteClinic calling to let you know flu shots are now available. MinuteClinic is the medical clinic inside your local CVS/pharmacy. We are open 7 days a week, including evening and weekends. No appointment is necessary. We also accept most insurance plans, including Medicare Part B. Plus, you will receive a CVS/pharmacy 20% shopping pass with your flu shot. So why wait. Come in to MinuteClinic today! Please check our website at MinuteClinic.com for our clinic hours near you. Thank you for choosing MinuteClinic.**

- The Settlement resolves a lawsuit claiming that CVS Pharmacy, Inc. ("CVS Pharmacy"), MinuteClinic, LLC ("MinuteClinic") (collectively, "CVS"), and CVS's vendor West Corporation ("West") (collectively, "Defendants") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making nonconsensual calls to cell phone numbers using an automatic telephone dialing system or an artificial or prerecorded voice, and further violated the Illinois Automatic Telephone Dialers Act ("IATDA"), 815 ILCS 305/1 *et seq.*, by impeding caller identification in calls to cell phone or landline numbers.

- **Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBTAIN PAYMENT.** | Class Members who received a notice of the Settlement in the mail do not need to do anything further to obtain payment. If you believe you are a Class Member but have not received a notice in the mail, submit a claim for payment by [Date]. Otherwise, you will give up rights without an opportunity for a payment. |
| **EXCLUDE YOURSELF.** | If you ask to be excluded, you will get no payment. This allows you to pursue your own lawsuit at your expense against Defendants and other Released Parties about the legal claims in this case. |
| **OBJECT.** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING.** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**.................................................................................................... **Page X**
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................... **Page X**
    5. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** .................................. **Page X**
    6. What does the Settlement provide?
    7. How much will my payment be?

**HOW YOU GET A PAYMENT** ...................................................................... **Page X**
    8. How do I obtain or apply for a payment?
    9. When would I receive my payment?
    10. What am I giving up to receive a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................ **Page X**
    11. How do I exclude myself from the Settlement?
    12. If I don't exclude myself, can I sue Defendants for the same thing later?
    13. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................... **Page X**
    14. Do I have a lawyer in this case?
    15. How will the lawyers and class representative be paid?

**OBJECTING TO THE SETTLEMENT** ........................................................... **Page X**
    16. How do I tell the Court that I do not like the Settlement?
    17. What is the difference between objecting and excluding/opting-out?

**THE COURT'S FAIRNESS HEARING** .......................................................... **Page X**
    18. When and where will the Court decide whether to approve the Settlement?
    19. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................. **Page X**
    20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................... **Page X**
    21. How do I get more information?

## BASIC INFORMATION

| **1.** | **Why did I get a notice?** |
|---|---|

If you received a notice in the mail, it is because records in the case indicate that you are a member of the proposed Settlement Class in this Action. Generally, this means that CVS called your phone number in 2013 with a prerecorded message that referenced MinuteClinic flu shots and a CVS Pharmacy retail coupon, and at the time of the call, either: (1) your phone number was assigned to a cellular telephone service, or (2) you were an Illinois resident. If you are a member of the Settlement Class, then your rights will be affected under the proposed Settlement.

| **2.** | **What is this lawsuit about?** |
|---|---|

Plaintiff Kearby Kaiser, on behalf of himself and a class of purportedly similarly situated people, alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by causing autodialed, prerecorded calls to be made to consumers' cell phones, and that Defendants' calls further violated the Illinois Automatic Telephone Dialing Act ("IATDA"), 815 ILCS 305/1 *et seq.*, by impeding caller identification to landline and cellular telephone numbers. The calls at issue were made in relation to MinuteClinic's 2013 flu shot reminder campaign.

Defendants expressly deny that they did anything wrong or that this case is appropriate for treatment as a class action outside of the settlement context. Defendants generally deny the allegations in the lawsuit.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action, one or more people called Class Representatives (in this case, Plaintiff Kaiser) sue on behalf of people who have similar claims. All these people are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. Judge John Z. Lee is in charge of this class action.

| **4.** | **Why is there a Settlement?** |
|---|---|

The Court did not decide in favor of either side; both sides agreed to this Settlement instead of going to trial. That way, they avoid the significant cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

The Settlement provides certain relief for the Settlement Class. The "Settlement Class" means the persons on the Class List. For self-identification purposes, the Class List may be described as:

2

All persons in the United States whom CVS called using an unattended message in MinuteClinic's 2013 flu shot reminder campaign that offered a CVS Pharmacy retail coupon, where: (1) the call was made to a cell phone number, or (2) the person was an Illinois resident.

There are 233,079 unique phone numbers on the Class List.

If you received a notice in the mail, records indicate that you are a member of this Settlement Class. If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXX.com for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 6. | What does the Settlement provide? |
|---|---|

Defendants have agreed to create a Settlement Fund of $15,000,000. This amount will be divided among all Settlement Class Members who send in a valid Claim Form or for whom a valid address can otherwise be identified, after the costs of notice and administration, attorney's fees and costs/expenses, and any incentive award to the Class Representative have been deducted.

| 7. | How much will my payment be? |
|---|---|

If the Settlement is approved as requested, it is estimated that each Class Member may receive approximately $35, but that amount could go up or down substantially based upon the number of valid claims and the Court's decision as to the monetary terms of the Settlement.

**HOW YOU GET A PAYMENT**

| 8. | How do I obtain or apply for a payment? |
|---|---|

If you received a notice of the Settlement in the mail, you are not required to take any action to obtain payment; a Cash Award check will be automatically mailed to you at that address after the Funding Date if the Court approves the Settlement.

If you did not receive a notice in the mail but believe that you are a Settlement Class Member, you must send in a valid Claim Form to the Settlement Administrator, who will verify your claim. You can obtain a Claim Form online at www.XXXXXXXX.com or by calling the Settlement Administrator at 1-XXX-XXX-XXXX and requesting that a Claim Form be mailed to you. Read the instructions carefully, fill out the form, include all the information the form asks for, sign it, and mail it postmarked no later than **[DATE]**. Alternatively, you may submit a claim online at www.XXXXXXXX.com, so long as it is submitted no later than **[DATE]**.

| 9. | When would I receive my payment? |
|---|---|

Judge Lee will hold a hearing on **[DATE]**, to decide whether to approve the Settlement. Judge Lee may approve the Settlement at the hearing or he may take some additional time to reach that decision, which may then be subject to an appeal to a higher court. It is always uncertain when such appeals can be resolved, and resolving them can take time, perhaps more than a year; hopefully much sooner. Please be patient.

| 10. | What am I giving up to receive a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Settlement Class. If you stay in the Class, then you cannot sue, continue to sue, or be part of any other lawsuit against MinuteClinic, CVS, West, or any other Released Parties for similar claims that happened in the past. The exact release is available in the Settlement Agreement, which is posted at www.XXXXXXXXXXXXXX.com.

However, the Settlement's release generally provides that, upon the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class, and those claiming through them, shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

- "Released Parties" means Defendants [CVS Pharmacy, Inc., MinuteClinic, LLC, and West Corporation] and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of its and their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, employees, insurers, reinsurers, shareholders, members, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives.
- "Released Claims" means liability for any and all Telephone Consumer Protection Act or state analog (including, but not limited to, the Illinois Automatic Telephone Dialers Act) claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that exist as of the date of the Preliminary Approval Order, arising out of MinuteClinic's or CVS Pharmacy's (or West's operating on either CVS Pharmacy's or MinuteClinic's behalf) telephonic contact of Settlement Class Members, or alleged impediment of caller identification during such calls, during the Class Period [i.e., May 20, 2010, until September 18, 2013].

It also means that all of the Court's orders will apply to you and legally bind you. This is true whether or not you submit a Claim Form, although you won't get any money unless you submit a Claim Form or a valid address for you is otherwise identified. If you were to file your own lawsuit with regard to the claims at issue, you could potentially recover between $500 and $1,500 per

violation plus injunctive relief under the Telephone Consumer Protection Act, and/or $500 per violation plus costs and attorneys' fees and up to three times actual damages under the Illinois Automatic Telephone Dialers Act. However, in that case, Defendants would assert any and all defenses available to them in such a suit.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue MinuteClinic, CVS or West on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement – also referred to as opting out of the Class.

| 11. How do I exclude myself from the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter that states you want to be excluded from the Settlement Class in *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.). Be sure to include your full name, address, and telephone number. The exclusion request must also include your signature or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. **You must mail your exclusion request postmarked no later than [DATE]**, to:

MinuteClinic TCPA Settlement Administrator
P.O. Box XXXXX
[City, ST ZIP]

If you ask to be excluded, you will not get any Cash Award, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) CVS, West, and any other Released Parties in the future.

| 12. If I don't exclude myself, can I sue Defendants for the same thing later? |
| --- |

No. Unless you exclude yourself, you give up any right to sue CVS Pharmacy, MinuteClinic, West, and related companies and other Released Parties for the claims that this Settlement resolves. If you have a pending lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **[DATE]**.

| 13. If I exclude myself, can I get money from this Settlement? |
| --- |

No. If you exclude yourself, you cannot receive money from this Settlement. But, if you exclude yourself from this Settlement, you may sue, continue to sue, or be part of a different lawsuit against Defendants and other Released Parties based on the legal issues in this case.

## THE LAWYERS REPRESENTING YOU

| 14. Do I have a lawyer in this case? |
| --- |

The Court appointed Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Matthew P. McCue of the Law Office of Matthew P. McCue, Edward A. Broderick of Broderick Law, P.C., and Brian K. Murphy of Murray Murphy Moul Basil LLP, to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers; they will be compensated as part of the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers and class representative be paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of up to one-third of the total Settlement Fund, or $5,000,000, in attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also seek their out-of-pocket costs expended in association with this matter (estimated to be no more than $450,000), and an award of $15,000 to Plaintiff Kaiser for his services as Class Representative. The Court may award less than these amounts. Defendants have not taken any position as to these anticipated award requests. These payments, along with the costs of administering the Settlement, will be deducted from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **16.** | **How do I tell the Court that I do not like the Settlement?** |
|---|---|

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it (which can be done confidentially pursuant to the terms of the Settlement Agreement). You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Settlement Administrator, saying that you object to the proposed Settlement in *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.). You must include each of the following: (1) your full name, address, telephone number, and the telephone number(s) called by or on behalf of MinuteClinic (if different), (2) whether the objection applies only to you, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections, (4) the identities and contact information for any counsel representing you in relation to the case or objection, (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, whom you may call to testify at the Final Approval Hearing, along with the description and production of copies of all evidence you may offer at the Final Approval Hearing, and (6) whether you and/or your attorney intend to appear at the Final Approval Hearing. The objection must also include your actual written signature. **Your objection to the Settlement must be postmarked no later than [DATE].**

The objection must be sent to:

<u>By Mail</u>:

>MinuteClinic TCPA Settlement Administrator
>P.O. Box XXXXX
>[City, ST ZIP]
>
>*Settlement Administrator*

Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **[DATE]**, and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector.

| **17.** | **What is the difference between objecting and excluding/opting-out?** |
| --- | --- |

Objecting is simply telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class. Excluding yourself or "opting out" is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE FAIRNESS HEARING

| **18.** | **When and where will the Court decide whether to approve the Settlement?** |
| --- | --- |

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at [TIME], on [DATE], at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, in Courtroom 1225. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, costs/expenses, and incentive award as described above, and in what amounts. If there are objections, the Court will consider them.

At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense. To keep track of what is happening in the settlement proceedings, please regularly visit www.XXXXXXXXXXXXXX.com. Court documents and updates will be posted at that site.

| **19.** | **May I speak at the hearing?** |
| --- | --- |

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you send a letter to the Settlement Administrator saying that you object to the proposed Settlement and that you intend to appear (either on your own behalf or through counsel) at the Final Approval Hearing in *Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and, if applicable, the full name, address and telephone number of your counsel. Objection requirements are more fully described in Paragraph 16, above. **Your letter must be postmarked**

**no later than [DATE].** You cannot speak at the hearing if you excluded yourself.

### IF YOU DO NOTHING

| | |
|---|---|
| **20.** | **What happens if I do nothing at all?** |

If you do nothing, and you have received a notice in the mail regarding the Settlement, then you will be automatically mailed a Cash Award after the Settlement's Effective Date. However, if you do nothing, and you have <u>not</u> received a notice in the mail regarding the Settlement but believe you are a Settlement Class Member, then you will not receive a payment. To receive a payment in that instance, you must submit a Claim Form. Unless you exclude yourself, you cannot start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

| | |
|---|---|
| **21.** | **How do I get more information?** |

This notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to MinuteClinic TCPA Settlement Administrator, P.O. Box XXXXX, [City, ST ZIP], or by visiting www.XXXXXXXXXX.com.

You can call 1-XXX-XXX-XXXX, toll-free; write to MinuteClinic TCPA Settlement Administrator, P.O. Box XXXXX, [City, ST ZIP]; or visit www. XXXXXXXXXX.com, where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

# Exhibit C-3

<u>**TEXT OF INTERNET PUBLICATION NOTICE**</u>*

<u>**Google Ad Display**</u>

*Lowe v. CVS Pharmacy, Inc.*, No. 1:14-cv-03687 (N.D. Ill.)
If you received a prerecorded MinuteClinic flu shot reminder call in 2013 that offered a coupon for CVS retail shopping, you may be entitled to money from a class action settlement.
Click here for more information or to submit a claim.
www.<mark>XXXXXXXXXXXXXXXXX</mark>.com

* subject to formatting limitations

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) | Case No. 1:14-cv-03687 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, | ) ) | Hon. Judge John Z. Lee Hon. Mag. Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

## <u>PRELIMINARY APPROVAL ORDER</u>

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Kearby Kaiser, individually and on behalf of the Settlement Class, and Defendants CVS Pharmacy, Inc. ("CVS Pharmacy"), MinuteClinic, LLC ("MinuteClinic") (collectively, "CVS"), and West Corporation ("West") (collectively, "Defendants"), as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2.      Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness, and finds that giving notice is

justified by the Parties' showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Class for purposes of judgment on the proposal. The Court further finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> The persons on the Class List. For self-identification purposes, the Class List may be described as all persons in the United States whom CVS called using an unattended message in MinuteClinic's 2013 flu shot reminder campaign that offered a CVS Pharmacy retail coupon, where: (1) the call was made to a cell phone number, or (2) the person was an Illinois resident.

5.      The Court hereby appoints Kearby Kaiser as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      The Court appoints Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Matthew P. McCue of the Law Office of Matthew P. McCue, Edward A. Broderick of Broderick Law, P.C., and Brian K. Murphy of Murray Murphy Moul Basil LLP as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      On [DATE], in Courtroom 1225 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy

and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiff, should be granted, and in what amount. No later than [DATE], Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive award to the Class Representative. No later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than [DATE].

8.      Pursuant to the Agreement, AB Data, Ltd. is hereby appointed as Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

9.      The Court approves the proposed notice plan for giving notice to the Settlement Class (i) directly (using first class mail in a sealed envelope for all ascertained addresses as outlined in the Settlement Agreement), (ii) through an internet publication notice campaign as outlined in the Settlement Agreement; and (iii) by establishing a Settlement Website and toll-free number, as more fully described in the Agreement. The Class Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan no later than [DATE], in accordance with the terms of the Agreement.

10.      The Settlement Administrator will cause to be filed with the Court by no later than [DATE], which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice

was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.     Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of [DATE], which are both forty-five (45) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12.     To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, telephone number, the name and case number of the Action, and must state in writing that he or she wishes to be excluded from the Settlement Class in this Action.  The Request for Exclusion must be signed by the Settlement Class Member or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion. Likewise, "mass" or "class" opt-outs filed by third parties on behalf of a

"mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

13.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

14.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

15.     To object to the Settlement, Settlement Class Members must follow the directions in the Notice and submit a written Objection with the Settlement Administrator by the Objection Deadline.  In the written Objection, the Class Member must state (1) his or her full name, address, and telephone number, and the telephone number(s) called by or on behalf of MinuteClinic (if different), (2) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections, (4) the identities and contact information for any counsel representing the objector in relation to the case or objection, (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and (6) whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. A written objection must contain the actual written signature of the Settlement Class Member making the objection. The names of any objectors who affirmatively

state in writing that they wish to use a pseudonym shall be held in strict confidence by Class

Counsel and Counsel for Defendants and shall not be disclosed on the public record without the

objector's written permission. Any attorney of an objecting Settlement Class Member who

intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of

Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary

Approval Order and shall include the full caption and case number of each previous class action

case in which such counsel has represented an objector. The Parties will have the right to issue

discovery to or depose any objector as to the basis and circumstances of his or her objection, and

to assess whether the objector has standing. No Objection will be valid unless all of the

information described above is included.  A Class Member may not both opt out of the

Settlement Agreement and object.  If a Settlement Class Member submits both a request for

exclusion and objection, the request for exclusion will control.

      16.     Any Settlement Class Member who fails to timely submit a written objection to

the Settlement Administrator and notice of his or her intent to appear at the Final Approval

Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not

be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from

seeking any review of the Agreement by appeal or other means, shall be deemed to have waived

his, her, or its objections, and shall be forever barred from making any such objections in the

Action.  All members of the Settlement Class, except those members of the Settlement Class

who submit timely Requests for Exclusion, will be bound by all determinations and judgments in

the Action, whether favorable or unfavorable to the Settlement Class.

      17.     Any Settlement Class Member who did not receive mailed notice but nonetheless

believes he or she is a member of the Settlement Class must file a Claim Form by 90 days after

the Settlement Notice Date. Settlement Class Members who did receive mailed notice of the Settlement do not need to file a claim as they will be issued checks.

18.     Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.  If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

19.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

20.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendants, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

21.     Counsel are hereby authorized to use all reasonable procedures in connection with

approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

22. Accordingly, the following are the deadlines by which certain events must occur:

| ACTION | DATE |
|---|---|
| Settlement Notice Date | 30 days after Preliminary Approval Order entered |
| Class Counsel's Fee/Service Award Motion Due | 30 days after Settlement Notice Date |
| Opt-Out and Objection Deadline | 45 days after the Settlement Notice Date |
| Deadline to Submit Claims | 90 days after Settlement Notice Date |
| Motion for Final Approval, Claims Administrator Declaration, and Response to Objections Due | 14 days prior to Final Approval Hearing |
| Final Approval Hearing [no earlier than 140 days after Settlement Notice Date] | [Time] on [Date]<br><br>Everett McKinley Dirksen U.S. Courthouse 219 S. Dearborn St., Room 1225 Chicago, IL 60604 |

**IT IS SO ORDERED.**

Dated: _____          _____

Hon. John Z. Lee
United States District Judge

- 8 -

# Exhibit E

(Filed Under Seal Pursuant to L.R. 26.2)