**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, | ) ) ) | Case No. 1:14-cv-03687 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, | ) ) | Hon. Judge John Z. Lee Hon. Mag. Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF ALEXANDER H. BURKE IN
SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

1.      I am Alexander H. Burke, manager of Burke Law Offices, LLC. I make this declaration in support of the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, to set forth my qualifications to serve as class counsel and to state my opinion that the settlement represents an excellent result for the Settlement Class and merits preliminary approval. I can competently testify as to the facts stated herein if called upon to do so.

2.      My firm was involved in every stage of litigation in this case, from pre-trial investigation, analysis of Plaintiff's potential claims, drafting and researching the complaint and discovery work, review of documents, discovery responses, motion practice, including moving for class certification, depositions and general preparation for trial. I also additionally participated in settlement negotiations and strategy, participated in the mediation process and contributed on preparing the proposed settlement agreement and motion for preliminary approval.

3. I opened Burke Law Offices, LLC in September 2008.  The firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others.  The firm also sometimes accepts mortgage foreclosure defense or credit card defense case.  Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

4. I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center ("NCLC") national conferences in 2012, 2013, 2014, 2015, 2016, 2017 and 2018. I also spoke at a National Association of Consumer Advocates conference regarding TCPA issues in March 2015, and in May 2016, I spoke on a panel concerning TCPA issues at the 2016 Practicing Law Institute Consumer Financial Services meeting in Chicago, Illinois.

5. I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers and staffers at the Federal Communications Commission.

6. I make substantial efforts to remain current on the law, including class action issues.  I attended the National Consumer Law Center's Consumer Rights Litigation Conference in 2006 through 2016, and was an active participant in the Consumer Class Action Intensive Symposium between 2006 and 2013, 2017 and 2018.  In October 2009, I spoke on a panel of

2

consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

7.     Some notable TCPA class actions and other cases that my firm has worked on include: *Leeb v. Charter Commc'ns, Inc.*, 2019 WL 1472587 (E.D. Mo. Apr. 3, 2019) (appointing Burke Law Offices as Fed.R.Civ.P. 23(g) interim lead class counsel), *earlier decision* 2019 WL 144132 (Jan. 19, 2019) (compelling class data in TCPA case); *Brown v. DirecTV, LLC*, 2019 WL 1434669, at *1 (C.D. Cal. Mar. 29, 2019) (granting class certification in TCPA case, appointing Burke Law Offices as class counsel); *Rodriguez v. Premier Bankcard, LLC*, No. 3:16-cv-02541, 2018 WL 4184742 (N.D. Ohio Aug. 31, 2018) (defense summary judgment motion denied); *Saunders v. Dyck O'Neal, Inc.*, No. 1:17-cv-00335, 2018 WL 3453967 (W.D. Mich. July 16, 2018) (as a matter of first impression, holding that "direct drop" voice mails are covered by the TCPA), *Postle v. Allstate Ins. Co.*, No. 17-CV-07179, 2018 WL 1811331, at *1 (N.D. Ill. Apr. 17, 2018) (denying motion to dismiss on statutory standing and "mootness" grounds); *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 573 (N.D. Ill. 2018) (certifying contested telemarketing TCPA class); *Cross v. Wells Fargo, N.A.*,  1:15-cv-1270, Docket Entry 103 (Feb. 10, 2017 N.D.Ga.) (final approval granted for $30M class settlement where I was lead counsel); *Lowe v. CVS Pharmacy, Inc.*, No. 14 C 3687, 2017 WL 528379 (N.D. Ill. Feb. 9, 2017) (personal jurisdiction motion denied in large TCPA case); *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-1156-LMM, 2017 WL 416425 (Jan. 30, 2017, N.D.Ga.) (final approval granted for $16M class settlement where I was lead counsel); *Tillman v. The*

*Hertz Corp.*, No. 16 C 4242, 2016 WL 5934094 (N.D. Ill. Oct. 11, 2016) (motion to compel TCPA class case into arbitration denied); *Hurst v. Monitronics Int'l, Inc.*, No. 1:15-CV-1844-TWT, 2016 WL 523385 (N.D. Ga. Feb. 10, 2016); (motion to compel arbitration denied); *Smith v. Royal Bahamas Cruise Line*, No. 14-CV-03462, 2016 WL 232425 (N.D. Ill. Jan. 20, 2016) (personal jurisdiction motion denied); *Bell v. PNC Bank, Nat'. Ass'n.*, 800 F.3d 360 (7th Cir. 2015) (class certification affirmed in wage and hour case); *Charvat v. Travel Services*, 2015 WL 3917046 (N.D. Ill. June 24, 2015) (determining proper scope of class representative discovery in TCPA case), and 2015 WL 3575636 (N.D. Ill. June 8, 2015) (granting plaintiff's motion to compel vicarious liability/agency discovery in TCPA case); *Lees v. Anthem Ins. Cos. Inc.*, 2015 WL 3645208 (E.D. Mo. June 10, 2015) (finally approving TCPA class settlement where I was class counsel); *Hofer v. Synchrony Bank*, 2015 WL 2374696 (E.D. Mo. May 18, 2015) (denying motion to stay TCPA case on primary jurisdiction grounds); *In re Capital One TCPA Litig.*, No. 11-5886, 2015 WL 605203 (N.D. Ill. Feb. 12, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Wilkins v. HSBC Bank Nevada, N.A.,* 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Hossfeld v. Government Employees Ins. Co.*, 88 F. Supp. 3d 504 (D. Md. 2015) (denying motion to dismiss in TCPA class action); *Legg v. Quicken Loans, Inc.*, 2015 WL 897476 (S.D. Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Hanley v. Fifth Third Bank*, No. 1:12-cv-1612 (N.D. Ill. Dec. 27, 2013) (final approval for $4.5 million nonreversionary TCPA settlement); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case), 2014 WL 3906923 (Aug 11, 2014) (motion to dismiss denied in cutting edge vicarious liability case); *Markovic v. Appriss, Inc*.,

4

2013 WL 6887972 (S.D. Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case);

*Martin v. Comcast Corp.*, 2013 WL 6229934 (N.D. Ill. Nov. 26, 2013) (motion to dismiss denied

in TCPA class case); *Gold v. YouMail, Inc.*, 2013 WL 652549 (S.D. Ind. Feb. 21, 2013)

(contested motion for leave to amend granted to permit cutting-edge vicarious liability theory

allegations); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12-cv-215 (N.D. Ill. Aug. 21, 2012)

(Denlow, J.) (certifying litigation class and appointing me as class counsel) (final approval

granted for $7.5 million class settlement granted January 16, 2014); *Desai v. ADT, Inc.*, No.

1:11-cv-1925 (N.D. Ill. June 21, 2013) (final approval for $15 million TCPA class settlement

granted); *Martin v. CCH, Inc*., No. 1:10-cv-3494 (N.D. Ill. Mar. 20, 2013) (final approval

granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Mgmt., LP*,

2013 WL 607830 (E.D. Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number"

TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D. Ill.

Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v.

Enhanced Recovery Co*., 2011 WL 3704681(N.D. Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th

Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited

to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at

Law, LLC*, 2011 WL 2356390 (N.D. Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*,

2011WL2311869 (N.D. Ill. June 13, 2011) (motion to compel TCPA class discovery granted);

*Powell v. West Asset Mgmt., Inc.,* 773 F. Supp. 2d 898 (N.D. Ill. 2011) (debt collector TCPA

defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief

may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D. Ill. Dec. 3, 2010) (final approval

granted for $800,000 TCPA settlement in autodialer case against debt collection agency);

*Donnelly v. NCO Fin. Sys., Inc*., 263 F.R.D. 500 (N.D. Ill. Dec. 16, 2009) (Fed. R. Civ. P. 72

objections overruled in toto), 2010 WL 308975 (N.D. Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

8.     Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc*., 542 F. Supp. 2d 831 (N.D. Ill. 2008) (FCRA class certification granted); 542 F. Supp. 2d 842 (N.D. Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, No. 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D. Ill. Mar. 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc*., 248 F.R.D. 210 (N.D. Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc*., 249 F.R.D. 290 (N.D. Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); *aff'd upon objection* (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc*., 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp., C.A*. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C*., No. 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D. Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc*., Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D. Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P*., No. 2:03 cv 498, 226 F.R.D. 328 (N.D. Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D. Ind. 2005) (granting class certification); *Murry v. America's*

*Mortg. Banc, Inc.*, Nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), *aff'd*, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc*., No. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

9.     I graduated from Colgate University in 1997 (B.A. Int'l Relations), and from Loyola University Chicago School of Law in 2003 (J.D.).  During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois, and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois, and was a research assistant to adjunct professor Hon. Michael J. Howlett, Jr.

10.     I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

11.     I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the First, Second, Seventh, Eighth, and Eleventh Circuits, as well as the Northern, Central, and Southern Districts of Illinois, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Indiana, the District of Nebraska, Western District of New York and Eastern District of Missouri. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association, and the American Bar Association, as well as the National Association of Consumer Advocates.

12.     The firm has one associate, Daniel J. Marovitch. Mr. Marovitch is a 2010 graduate of Loyola University Chicago School of Law, and is admitted to practice in the State of Illinois and United States District Court for the Northern District of Illinois.

13.     My co-counsel and I agreed to prosecute this case on contingency basis with no guarantee of ever being paid. We engaged in substantial, substantive discovery involving complex expert data analysis, review of hundreds of thousands of documents, and taking or defending roughly a dozen depositions, permitting a thorough analysis of the factual and legal issues involved in this matter. We participated in mediations with Rodney A. Max, Esq. and Hon. Diane M. Welsh (Ret.), preceded by extensive written analyses in mediation briefs, and our thorough legal and factual analyses—including based on substantial discovery and the use of a consulting expert—informed the Settlement. Based on the market rate, the work done, our substantial experience, and the risk assumed, I believe that the intended requested fee award of one-third of the Settlement Fund is fair and reasonable. Likewise, Plaintiff Kaiser exposed himself to investigation, committed itself to all the rigors of litigation in the event the case did not settle, and subjected itself to all the obligations of a named party. Mr. Kaiser sat for a deposition, responded to discovery, provided documents, and considered and ultimately approved the Settlement, and I believe his time and effort warrants the intended requested $15,000 incentive award.

14.     The Plaintiff team took bids from three potential class administrators and have agreed upon, and propose that the Court approve, the nationally-recognized class action administration firm AB Data, Ltd. to be the Settlement Administrator and to implement the Class notice plan and administer the Settlement, subject to review by counsel.

8

15.     In my view, this settlement is fair and reasonable, and in the best interest of the class members.

I declare signed under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2019.

/s/ Alexander H. Burke