# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL LOWE and KEARBY KAISER, on behalf of themselves and others similarly situated, ) ) ) ) | Case No. 1:14-cv-03687 |
| Plaintiffs, ) ) | |
| v. ) ) | |
| CVS PHARMACY, INC., MINUTECLINIC, LLC, and WEST CORPORATION, ) ) ) | Hon. Judge John Z. Lee<br>Hon. Mag. Judge M. David Weisman |
| Defendants. ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on January 30, 2020, notice of the Final Approval Hearing having been duly given in accordance with this Court's Preliminary Approval Order, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement dated July 26, 2019, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

>The persons on the Class List. For self-identification purposes, the Class List may be described as all persons in the United States whom CVS called using an unattended message in MinuteClinic's 2013 flu shot reminder campaign that offered a CVS Pharmacy retail coupon, where: (1) the call was made to a cell phone number, or (2) the person was an Illinois resident.

3. The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that it satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff Kaiser and Class Counsel, and Defendants CVS Pharmacy, Inc. ("CVS Pharmacy"), MinuteClinic, LLC ("MinuteClinic") (collectively, "CVS"), and West Corporation ("West") (collectively, "Defendants"), and Defendants' counsel.

5. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice and claims

submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

7. This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8. A total of 29 Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits. The Court is informed that there was one objection, by Wanda Porter. The Court overrules Ms. Porter's objection because it concerns an alleged experience with CVS that is unrelated to these proceedings, and will be unaffected by the release in this case.

9. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

10. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the Settlement was negotiated at arm's length, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the method of distributing relief and method of processing

claims, the terms and timing of payment associated with Class Counsel's request for attorneys' fees, and all other relevant factors, including that the Settlement Agreement treats Class Members equitably relative to each other.

11. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

12. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

13. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, is hereby barred from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

14. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiff Kaiser in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

15. If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

16. The Court grants Class Counsel's application for fees and costs, and awards $5,000,000 in attorneys' fees and $402,991.03 in costs. The Court finds these amounts appropriate, fair, and reasonable. The Court awards $15,000 as an incentive award for Plaintiff Kearby Kaiser, and finds this amount fair and reasonable.

17. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

18. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 1/30/20

Hon. John Z. Lee
United States District Judge